## STATE v. LARRY S. WRIGHT.

(Filed 26 February 1964.)

**Criminal Law § 131—**

Where the sentence imposed does not exceed the statutory limit, the Supreme Court will not hold that it violates the constitutional provision against cruel and unusual punishment except when there is no doubt, the authority to make adjustment if the sentence is disproportionately long being vested in the Governor and the Board of Paroles.

APPEAL by defendant from *McLean, J.*, October, 1963 Criminal Session, BUNCOMBE Superior Court.

Criminal prosecution upon a bill of indictment which contained two counts: The first count charged that the defendant forged a check for $49.57, payable to Larry S. Wright, purported to have been drawn by Hendersonville Apple Packers, Inc., on the Northwestern Bank. The second count charged that the defendant uttered the forged check knowing it to have been forged. The forged instrument was written on a payroll checkbook "taken from the (Apple Packers, Inc.) place of business."

At the time the case was called for trial, and upon ascertaining the defendant was not represented by counsel, the court appointed the attorney of record here to represent the defendant. After investigation and conferences, the attorney, with the defendant's approval, pled not guilty to the charge of forgery but guilty to the charge of uttering the forged instrument knowing it to have been forged.

The evidence disclosed the defendant endorsed the check to the Town Tavern in Asheville which deducted the amount he was due the tavern

($25.00) and paid him $24.57 in cash. The police officer testified the defendant told him that another, giving the name, forged the check, but he cashed it knowing it had been forged, and that he and the named person divided the money. "It appeared from the record that the defendant had pled guilty to or been convicted of public drunkenness eleven times."

The court imposed a sentence of not less than seven nor more than ten years in the State's prison at hard labor. Counsel, at the defendant's insistence, gave notice of appeal to the Supreme Court. The defendant filed an affidavit that he was unable to pay the expenses of the appeal and asked that he be allowed to appeal *in forma pauperis*. Counsel filed a certificate stating "that he has not been able to advise the defendant that he has a reasonable cause for appeal of this case." However, in view of the decision of the United States Supreme Court in *Douglas v. California*, 9 L. Ed. 2d 811, counsel perfected the appeal and filed a brief in which he presents the question whether the sentence is in violation of the constitutional prohibition against cruel and unusual punishment. The court fixed the appearance bond at $5,000.00.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*Walter Clark, Jr., for defendant appellant.*

HIGGINS, J.    G.S. 14-120 authorizes the court to punish for the offense of uttering a forged instrument (as defined) "by imprisonment in the county jail or State's prison not less than four months nor more than ten years." The punishment imposed, while near the maximum, nevertheless is within the limits fixed by the statute; hence the trial court did not impose a sentence in violation of the statutory limit. *State v. Downey*, 253 N.C. 348, 117 S.E. 2d 39; *State v. Wilson*, 218 N.C. 769, 12 S.E. 2d 654; *State v. Woodlief*, 172 N.C. 885, 90 S.E. 137.

The prosecuting witness actually lost $24.57. Her account of $25.00 is still unpaid. Any disparity between the offense and the punishment is not a matter of law or legal inference; hence, not subject to review here. But as this Court said in *State v. Woodlief, supra*, "We are not prepared to say that the court cannot review the judge, as to the quantum of punishment, even where there is a limit set to the exercise of his discretion; but if the right exists, we will not do so except in a plain case, where the violation of the constitutional provision is palpable, and not involved in any doubt—a case not likely to occur."

Although reaching the conclusion that we must affirm the judgment, we take note of the purpose of the Legislature to give the trial judge wide discretion to the end he may fit the punishment to the crime. A charge

of uttering a forged check, even if enough to break a bank, cannot support a judgment of imprisonment exceeding ten years. In this case the defendant obtained $24.57. He was ordered to serve seven to ten years in the State's prison. If the sentence is disproportionately long, the Governor and the Board of Paroles have ample authority to make adjustment. This Court, lacking such authority, must affirm the judgment.

Affirmed.