STATE OF NORTH CAROLINA v. MACK PAUL BAUGH.

(Filed 12 October, 1966.)

**Criminal Law § 131—**

   If defendant believes that the sentence imposed upon his plea of guilty, understandingly and voluntarily made, is excessive, his sole recourse is to executive clemency, the sentence being within the statutory maximum.

APPEAL by defendant from *McLean, J.,* at the 7 March 1966 Regular "A" Session of MECKLENBURG.

The defendant was indicted for robbery with the use of firearms. He was represented by counsel and entered a plea of guilty as charged. He was sentenced to confinement in the Central Prison for a period of not less than 28 nor more than 30 years.

Prior to the entry of his plea, the defendant was examined by the court under oath. Upon such examination, he stated that he was not under the influence of any alcohol, drug, narcotic, or other pill; that he heard and understood the statements and questions of the court; and that he understood the charge and understood that upon a plea of guilty he could be imprisoned for as much as 30 years. He further stated that neither the solicitor, his counsel, any policeman nor any other person had made any promise to him or subjected him to any threat to influence him to enter a plea of guilty; that he had conferred with his counsel and had instructed his counsel to enter a plea of guilty. Thereupon, the plea was entered, the court finding that it was freely, understandingly and voluntarily made, without any undue influence, compulsion, duress or promise of leniency.

The defendant having expressed his desire to appeal, and it appearing to the court that the defendant is an indigent person, the court appointed counsel to represent him in perfecting his appeal to this Court, and directed that the county bear the cost of the transcript and of the record and briefs required to be filed.

The appeal was duly filed, no error being assigned.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*E. Clayton Selvey, Jr., for defendant appellant.*

PER CURIAM. Notwithstanding the failure of the defendant to assign any ruling or action of the trial court as error, we have carefully examined the entire record and find therein no error of law. There is no suggestion in the record that the defendant, who was represented by counsel, did not understand the charge against him, the nature and effect of his plea of guilty and the maximum sentence which might lawfully be imposed if he entered such plea. It clearly appears from the record that he entered the plea of guilty to the offense ·charged voluntarily, without threat or inducement, and with full understanding of its effect and possible consequences. The sentence imposed does not exceed the maximum authorized by the statute. G.S. 14-87. The judgment of the court below is, therefore, free from error of law. If the defendant believes that the punishment imposed is unduly severe in fact, his recourse is to seek action by the Board of Paroles or other exercise of the power of executive clemency.

No error.