### STATE v. BARRY ROCKY HILTON.

(Filed 27 September, 1967.)

**1. Criminal Law § 158—**

The record imports verity and the Supreme Court can judicially know only what appears therein, and therefore defendant may not base a contention on appeal on matters which do not appear of record.

**2. Criminal Law § 162—**

A sole exception to the judgment presents only the face of the record proper for review.

**3. Criminal Law § 138—**

Where the punishment imposed is within the statutory maximum, it cannot be held cruel and unusual and will not be disturbed on appeal, although it would seem that the maximum punishment allowed by statute should be imposed only in instances of aggravation or circumstances tending to justify the more severe punishment.

APPEAL by defendant from *Bryson, J.,* March 1967 Regular Criminal Session of BUNCOMBE.

Defendant and his codefendant, Bobby Joe Johnson, were jointly indicted in and were tried under nine indictments. The indictments against Hilton charged: breaking and entering in cases Nos. 67-115, 67-117, 67-118, 67-119 and 67-120; breaking and entering, larceny and receiving in cases Nos. 67-112, 67-113 and 67-114; and larceny of an automobile, receiving and temporary larceny in case No. 67-116.

Defendant was represented by the same court-appointed attorney who represented his codefendant, Bobby Joe Johnson. After an oral and written examination by the court as to whether his pleas were voluntary, defendant through his counsel entered pleas of guilty of breaking and entering in cases Nos. 67-112, 67-113 67-114, 67-115, and a plea of larceny of an automobile of over the value of $200.00 in case No. 67-116.

State's witness Jack Richardson of the State Bureau of Investigation testified that defendant was picked up in Rowan County for questioning about an armed robbery and a stolen car. Defendant and his codefendant told the officers that they were in a stolen car and about break-ins at several places, including facts relating to the instant cases in Buncombe County. He stated that he was investigating the breaking and entering of the house of Thomas I. Wood where property was taken of the value of approximately $1500.00. All of Wood's property was recovered except a quantity of old coins and money of undisclosed value. Defendants pointed out eight other cabins that they had broken and entered. Prior to this, the witness had not known that these cabins had been entered. As to three of

these cabins, an electric blanket was taken from one, food from another, and nothing from the other. The value of all the property taken from each cabin was less than $200.00. Defendant is 19 years old and has served some time as a juvenile and had no other record prior to this series of violations, all of which were committed in one 30-day period. Agent Richardson stated: "The defendants have been cooperative and were cooperative in recovering a large quantity of Mr. Wood's stuff."

The court imposed judgment in case No. 67-112 confining defendant in State's Prison, Raleigh, North Carolina, for a period of ten years. Ten-year sentences were likewise imposed in cases Nos. 67-113, 67-114, 67-115 and 67-116, each ten-year sentence to commence at the expiration of the previous ten-year sentence. These sentences, running consecutively, totaled fifty years.

Prayer for judgment was continued in cases Nos. 67-117, 67-118, 67-119 and 67-120.

From the judgment entered, defendant appealed.

*Attorney General Bruton and Staff Attorney Andrew A. Vanore, Jr., for the State.*
*Joseph Schenck for defendant.*

PER CURIAM. Counsel for defendant contends in his brief and oral argument that 10-year sentences were given in two additional cases to codefendant Bobby Joe Johnson after he had given notice of appeal. Subsequently, defendant was given the same sentences as his codefendant. He contends that his sentences were made more severe because Johnson exercised his legal right of appeal. This action does not appear in the record.

> "The record imports verity and the Supreme Court is bound thereby. The Supreme Court can judicially know only what appears of record. There is a presumption in favor of regularity. Thus, where the matter complained of does not appear of record, appellant has failed to make irregularity manifest." *State v. Duncan,* 270 N.C. 241, 246, 154 S.E. 2d 53.

The only assignment of error in the record is the exception to the judgment, which presents only the face of the record proper for review. *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592. We find no errors on the face of the record, and the judgment below must stand.

In the case of *State v. Lee,* 166 N.C. 250, 80 S.E. 977, the defendant contended there was error because his sentence constituted "cruel

and unusual punishment." The Court, speaking through Clark, C.J., stated:

> "While we will not hold, therefore, that as a matter of law the punishment was in excess of the powers of the judge, we are frank to say that it does not commend itself to us as being at all commensurate with the offense, even if the defendant was properly found guilty upon the facts. There were neither aggravation nor circumstances which tended to show that the punishment should approximate the highest limit allowed by the law in such cases. It was evidently intended that where there was no aggravation that the punishment should approximate the lower limit allowed, and only when aggravation was shown should the highest degree of punishment authorized by the statute be inflicted."

In the instant case the sentences imposed do not exceed the maximum prescribed by the applicable statute, so as to violate defendant's constitutional rights (*State v. LePard,* 270 N.C. 157, 153 S.E. 2d 875). While we do not hold that as a matter of law the punishment was in excess of the powers of the judge, we must note that the sentences were imposed under circumstances which would seem to warrant prompt review by the Board of Paroles.

No error.