STATE OF NORTH CAROLINA v. LEO STEWART, JR., PERCIVAL BAR-
FIELD, DEBOIS SCOTTY GATHERS, FREDERICK DONNELL LOCK-
AMY AND JESSE JONES

No. 6911SC150

(Filed 2 April 1969)

**1. Criminal Law § 155— failure to aptly docket record on appeal**

Appeal is subject to dismissal where the record on appeal was docketed
more than ninety days after the rendition of the judgment appealed from
and no extension of time for docketing was procured.

**2. Arson § 6; Criminal Law § 138— statutory arson — penal pro-
visions of G.S. 14-62 — constitutionality**

Provision of G.S. 14-62 giving the trial judge the absolute discretion to
impose a sentence of imprisonment ranging from two to forty years for
the crime of feloniously setting fire to certain buildings in violation of
the statute *is held* not violative of the Due Process and Equal Protection
Clauses of the Federal Constitution, the statute permitting the trial judge
to impose a sentence appropriate to the individual and the specific factual
situation.

**3. Criminal Law § 138— severity of sentence — factors which may be
considered**

In determining the sentence to be imposed, the trial judge may inquire
into such matters as the age, character, education, environment, habits,
mentality, propensities and record of the person about to be sentenced.

**4. Criminal Law § 138— review of severity of sentence**

Within the limits of the sentence permitted by law, the character and
extent of the punishment is committed to the sound discretion of the
trial court, and may be reviewed on appeal only in case of manifest and
gross abuse.

**5. Arson § 6; Constitutional Law § 36— statutory arson — punish-
ment**

Sentences of twelve years in the State's prison imposed upon defend-
ants' pleas of guilty of feloniously burning a building in violation of G.S.
14-62 are within the limits fixed by the statute and cannot be considered
cruel and unusual punishment in the constitutional sense.

**6. Criminal Law § 138— request for reduction of sentence**

Request for reduction of a sentence claimed to be excessive should be
presented to the Board of Paroles, not the Court of Appeals.

APPEAL by the defendants from *Bickett, J.,* 21 October 1968 Ses-
sion, JOHNSTON County Superior Court.

Leo Stewart, Jr., Percival Barfield, Debois Scotty Gathers, Fred-
erick Donnell Lockamy and Jesse Jones (defendants) were each
charged in separate bills of indictment with the felonious burning
of a building in the Town of Benson on 8 April 1968. The bills of in-

dictment alleged that the building and property were in the posses-
sion of the United Klans of America, Inc., (United) a corporation,
and were used as the meeting house of Unit #116 of United. The
five cases were consolidated for the purpose of trial.

Each defendant in open court personally and by and through his
privately retained attorney entered a plea of guilty as charged. The
presiding judge then questioned them as to the pleas submitted.
Each defendant stated that he was not under the influence of any
alcohol, drugs, narcotics or other pills; he understood that he was
charged with a felonious burning and had a right to plead not guilty
and to be tried by a jury; he understood that he could be imprisoned
for as much as forty years; he was in fact guilty of the charge; no
one had in any way threatened or promised him anything in return
for the plea of guilty; he had been given the opportunity to subpœna
witnesses and to confer with his attorney; and he freely, under-
standingly and voluntarily authorized and instructed his attorney
to enter a plea of guilty. After this inquiry the presiding judge ac-
cepted their pleas of guilty.

Before the imposition of punishment, the State offered testimony
as to the facts involved in the burning of the building in question.
The defendants then offered evidence of their good character, their
education and other mitigating circumstances. Although each defend-
ant was given the opportunity to make a statement in open court,
only defendant Lockamy took advantage of this opportunity. He
stated: "It was a mistake we made. We ought not to have done that.
We will never do it again in our lives."

From the imposition of a prison sentence of twelve years upon
each defendant, an appeal was taken by defendants to this Court.

*Attorney General Robert Morgan and Staff Attorney Andrew A.
Vanore, Jr., for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Lanning for
defendant appellants.*

CAMPBELL, J.

The defendants present two questions for decision: (1) Is G.S.
14-62, which prohibits any person from wantonly and willfully set-
ting fire to churches and certain other buildings, unconstitutional as
violative of the Fourteenth Amendment to the Constitution of the
United States? (2) Is the imposition of a sentence of twelve years
in prison cruel and unusual punishment under the Eighth and Four-
teenth Amendments to the Constitution of the United States?

**[1]** The record on appeal in these five consolidated cases was docketed more than ninety days after the rendition of the judgment below and no extension of time for docketing was procured. Therefore, this appeal is subject to dismissal for failure to comply with the Rules of Practice in the Court of Appeals. See Rules 5 and 48. However, we have nevertheless reviewed the record and the briefs filed. The attorneys for the defendants did not make an oral argument.

The bills of indictment charged a violation of G.S. 14-62, which provides:

> *"Setting fire to churches and certain other buildings.* — If any person shall wantonly and willfully set fire to or burn or cause to be burned, or aid, counsel or procure the burning of, any uninhabited house, any church, chapel or meetinghouse, or any stable, coach house, outhouse, warehouse, office, shop, mill, barn or granary, or to any building, structure or erection used or intended to be used in carrying on any trade or manufacture, or any branch thereof, whether the same or any of them respectively shall then be in the possession of the offender, or in the possession of any other person, he shall be guilty of a felony, and shall be imprisoned in the State's prison for not less than two nor more than forty years."

**[2, 3]** The defendants' first contention is that this statute violates the rule of law basic to the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States, because its penal provision permits the trial judge absolute discretion, uncontrolled by standards or directions of any kind, to impose a punishment ranging from two to forty years imprisonment. In support of this contention, they cite a number of cases from the United States Supreme Court. A review of the authorities cited indicates that they are not in point and that they are concerned with matters other than the constitutionality of a penal provision, such as the one now before us. In prescribing punishment for certain criminal offenses, the General Assembly has provided for flexibility by establishing both maximum and minimum limits. This permits a trial judge to impose a sentence appropriate to the individual defendant and to the specific factual situation. As stated in *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695, a trial judge "may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced." This procedure is particularly desirable in respect to G.S. 14-62, which covers the wanton and willful burning of a wide variety of structures. This statute clearly

and specifically defines the prohibited conduct and sets out the possible punishment.

**[4]** "It is the accepted rule with us that within the limits of the sentence permitted by the law, the character and extent of the punishment is committed to the sound discretion of the trial court, and may be reviewed by this Court only in case of manifest and gross abuse." *State v. Sudderth,* 184 N.C. 753, 114 S.E. 828.

The record in the instant case indicates that there was no abuse of discretion by the trial judge. The defendants, who were at all times represented by competent counsel, had the opportunity to present evidence to the trial court prior to the imposition of the sentences. Character witnesses testified and each defendant was given the opportunity to make a statement to the court.

The first contention is without merit and the answer to the first question is "no."

**[5]** The defendants' second contention is that the sentences of twelve years in the State's prison constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States. In support of this position, the defendants argue that the burning was a spontaneous act carried out during a moment of emotional stress. However, this is not supported by the record which in fact reveals a deliberate act carried out over a period of time which would have permitted reflection. The defendants were obviously above the average in intelligence and they had received educational opportunities above the average. They were individuals from whom society had a right to expect law-abiding tendencies instead of hoodlumism.

"We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330.

The second contention is without merit and the answer to the second question is "no."

**[6]** The defendants present to us a request for reduction of a sentence claimed to be excessive. Such a request would be more properly presented to the Board of Paroles. *State v. Hilton,* 271 N.C. 456, 156 S.E. 2d 833.

In law there is

No error.

MALLARD, C.J., and MORRIS, J., concur.