STATE OF NORTH CAROLINA v. GEORGE DIXON

No. 6914SC345

(Filed 23 July 1969)

**1. Constitutional Law § 36; Escape § 1— punishment for felonious escape — cruel and unusual punishment**

Sentence of 12 months for felonious escape is within the maximum provided by G.S. 148-45 and cannot be considered cruel and unusual in a constitutional sense.

**2. Constitutional Law § 20; Escape § 1— equal protection — felonious escape**

There is no merit in defendant's contention that he was deprived of equal protection of the laws by his conviction for felonious escape in that on the date of the escape he committed no acts of violence or made any overt threats to lawful authorities of the state prison system to categorize his acts as a felony.

APPEAL from *Brewer, J.,* 24 February 1969 Criminal Session, Superior Court of DURHAM.

Defendant was charged with felonious escape. He signed a waiver of appointment of counsel and entered a written plea of guilty. The court entered judgment imposing a prison sentence of 12 months to commence at the termination of any and all sentences which defendant is now serving. Defendant excepted and appealed, and the court, upon a finding of indigency, appointed counsel to perfect the appeal, ordering Durham County to pay the costs thereof.

*Attorney General Robert Morgan by Staff Attorney Dale Shepherd for the State.*

*Blackwell M. Brogden for defendant appellant.*

STATE *v.* DIXON

MORRIS, J.

[1]    Defendant's only contention is that the judgment of the court of imprisonment for 12 months for felonious escape constitutes cruel and unusual punishment, in violation of Article I, Section 14, of the Constitution of North Carolina and the Eighth Amendment to the Constitution of the United States.

In *State v. Stewart,* 4 N.C. App. 249, 166 S.E. 2d 458, Campbell, J., quoted the Supreme Court in *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330:

> "We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense."

The statute, G.S. 148-45, provides for punishment of "imprisonment for not less than six months nor more than two years." Further, unless specifically otherwise ordered by the trial judge, the sentence is to begin at the termination of any and all sentences defendant may be serving. Obviously, the judgment is well within the maximum and cannot constitute cruel and unusual punishment.

[2]    Defendant further argues in his brief "[t]hat on the day in question, July 24, 1967, the defendant committed no acts of violence or made any overt threats to the lawful authorities of the State Prison system to categorize his acts as a felony, this requiring a stiffer sentence, and has no reasonable relation to the classification of the crime, which in turn deprives the defendant of equal protection of the laws as set out in Article I, Section 7, Constitution of North Carolina, and the Fourteenth Amendment of the Constitution of the United States." The general principles of law cited by defendant have no application to the question raised by him. While the argument is novel, we find it to be without merit.

Affirmed.

CAMPBELL and BROCK, JJ., concur.