STATE OF NORTH CAROLINA v. BOBBY EUGENE FRAZIER

No. 7215SC279

(Filed 29 March 1972)

1. **Criminal Law § 138— court's inquiry before imposing punishment — appellate review**

   An appellate court in this State has no authority to review the adequacy of an inquiry made by a trial judge before imposing punishment.

2. **Criminal Law § 138— punishment — appellate review**

   As long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office.

APPEAL by defendant from *Bickett, Judge,* 21 June 1971 Session of Superior Court held in ALAMANCE County.

Defendant pleaded guilty to two charges of unlawfully selling marijuana. The court thereupon examined him under oath relating to the voluntariness of his pleas. His answers indicate that his pleas were freely, understandingly and voluntarily made and that he understood that upon his pleas of guilty he could be imprisoned for as much as ten years.

Based upon defendant's answers, which appear in the record, the court adjudged the pleas of guilty to have been made freely, understandingly and voluntarily and ordered that they be entered on the record.

The State offered evidence tending to show that on two occasions defendant sold marijuana to undercover police officers, receiving $40.00 on each occasion.

Defendant offered evidence tending to show that he was employed by Burlington Industries as a cloth inspector and that he was a good and dedicated worker who worked every day and "all the extra time he could work." A co-worker testified that he had never known defendant to commit any criminal offense and that when he read about these offenses in the paper he could "hardly believe it was him." Defendant stated that he had never used marijuana or any drugs until he went into the service and was stationed overseas. He denied that he was "still dealing in it" and stated that he had learned his lesson. The

court asked: "Where did you get the 18 ounces at the time?" (The State's evidence indicated the amount sold on each occasion was less than one ounce and there is nothing in the record to indicate defendant was ever in possession of as much as 18 ounces.) Defendant replied that he purchased the marijuana he sold to the officers from a boy in Chapel Hill whose name he did not know. Defendant stated, however, that he could point the individual out if he saw him. The court stated: "You don't remember any of the fifty people who brought it to you?" Defendant stated that he got it from only one person, the boy from Chapel Hill. Other questions concerning where the marijuana came from were also asked by the court.

The court imposed active prison sentences for the maximum time allowed by law and ordered that the sentences be served consecutively.

*Attorney General Morgan by Associate Attorney Poole for the State.*

*Allen, Allen & Sternberg by Frederick J. Sternberg for defendant appellant.*

GRAHAM, Judge.

Defendant does not contend that his pleas of guilty were not voluntarily, understandingly and freely made. Indeed, he has at all times openly and candidly admitted his guilt. He does contend, however, that the trial court abused its discretion in sentencing him to two consecutive sentences of five years, or a total of ten years imprisonment. He argues that the court made no inquiry into such matters as age, character, education, environment, habit, mentality, propensity and the record of defendant. These are appropriate matters for a trial judge to consider in determining punishment. *State v. Hullender,* 8 N.C. App. 41, 173 S.E. 2d 581. Defendant further argues that, rather than inquiring into any of the above factors, the court conducted its own investigative inquiry to determine the complicity of others and directed questions to the defendant which appear "antagonistic, judgmental and prejudiced."

[1]  We know of no authority which permits an appellate court in this State to review the adequacy of an inquiry made by a trial judge before imposing punishment. A trial judge must

necessarily have broad discretion to question a defendant before passing sentence.

[2]   The sentences imposed, which are within the limits provided by law, are beyond our review. " . . . [S]o long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office. *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371." *State v. Spencer,* 7 N.C. App. 282, 285, 172 S.E. 2d 280, 282.

Defendant calls attention to the case of *State v. Hilton,* 271 N.C. 456, 156 S.E. 2d 833, in which the Supreme Court, quoting from the case of *State v. Lee,* 166 N.C. 250, 80 S.E. 977, stated:

> " 'While we will not hold, therefore, that as a matter of law the punishment was in excess of the powers of the judge, we are frank to say that it does not commend itself to us as being at all commensurate with the offense, even if the defendant was properly found guilty upon the facts. There was neither aggravation nor circumstances which tended to show that the punishment should approximate the highest limit allowed by the law in such cases. It was evidently intended that where there was no aggravation that the punishment should approximate the lower limit allowed, and only when aggravation was shown should the highest degree of punishment authorized by the statute be inflicted.' "

In the *Hilton* case, the judgment was affirmed. In the *Lee* case, a new trial was ordered on other grounds. In *State v. Hilton, supra* at 458, 156 S.E. 2d at 834, the court stated: "While we do not hold that as a matter of law the punishment was in excess of the powers of the judge, we must note that the sentences were imposed under circumstances which would seem to warrant prompt review by the Board of Paroles." We make a similar observation with respect to the sentences imposed in the instant case.

No error.

Judges CAMPBELL and BRITT concur.