STATE OF NORTH CAROLINA v. WILLIAM ANDREW HARRIS

No. 7523SC459

(Filed 5 November 1975)

1. Criminal Law § 138— severity of punishment — discretionary matter for trial court

   So long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office, and when the sentence imposed is within statutory limits, it cannot be considered excessive, cruel or unreasonable and will not be reviewed on appeal; notwithstanding the principle that such sentences are nonreviewable, appellate courts have reviewed sentences when the particular sanction imposed is clearly and palpably gross, harsh and abusive, but only when such an abuse of discretion is readily discernible will appellate courts intercede.

2. Larceny § 10— felonious larceny conviction — sentence to maximum term — no abuse of discretion

   In an armed robbery case where defendant was convicted of felonious larceny, the trial court did not abuse its discretion by imposing the maximum sentence of ten years upon the defendant, an indigent college student with no prior record.

APPEAL by defendant from *Wood, Judge.* Judgment entered 19 March 1975 in Superior Court, WILKES County. Heard in the Court of Appeals 19 September 1975.

Defendant was indicted for armed robbery and from a plea of not guilty the jury returned a verdict of guilty of felonious larceny. From judgment sentencing him to a ten-year prison term, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Max F. Ferree and Tom Groome, by Max F. Ferree, for defendant appellant.*

MORRIS, Judge.

Defendant's only assignment of error is to the signing and entry of the judgment contending that the trial court abused its discretion by imposing the maximum sentence of ten years upon the defendant, an indigent college student with no prior record.

[1]   Our Court has held that " . . . so long as the punishment rendered is within the maximum provided by law, an appellate court *must* assume that the trial judge acted fairly, reasonably and impartially in the performance of his office." (Emphasis supplied.) *State v. Spencer,* 7 N.C. App. 282, 285, 172 S.E. 2d 280 (1970) ; modified and affirmed 276 N.C. 535, 173 S.E. 2d 765 (1970). Moreover, when the sentence imposed is " . . . within statutory limits . . . [it] cannot be considered excessive, cruel or unreasonable." *State v. Johnson,* 5 N.C. App. 469, 470, 168 S.E. 2d 709 (1969). Thus, " . . . sentences imposed, which are within the limits provided by law, are beyond our review." *State v. Frazier,* 14 N.C. App. 104, 106, 187 S.E. 2d 357 (1972) ; cert. denied 281 N.C. 315, 188 S.E. 2d 899 (1972). Also see *State v. Wright,* 261 N.C. 356, 134 S.E. 2d 624 (1964). Notwithstanding the principle that such sentences are nonreviewable, appellate courts have reviewed sentences when the particular sanction imposed is clearly and palpably gross, harsh and abusive. Only when such an abuse of discretion is readily discernible will appellate courts intercede. *State v. Wright, supra,* at 357; *State v. Woodlief,* 172 N.C. 885, 889, 90 S.E. 137 (1916). The defendant, attacking a sentence, however, is confronted by the presumption that the trial judge acted " . . . fairly, reasonably, and impartially in the performance of the duties of his office. . . . Our entire judicial system is based upon the faith that a judge will keep his oath. 'Unless the contrary is made to appear, it will be presumed that judicial acts and duties

State v. Harris

have been duly and regularly performed.' . . . So long as errants make it necessary for other men to judge them it is best to indulge the presumption that a judge will do what a judge ought to do." *State v. Stafford,* 274 N.C. 519, 528, 164 S.E. 2d 371 (1968). (Citations omitted.)

The presumption of lower court correctness and the wide discretion afforded our trial judges in rendering judgment is of necessity grounded on the theory that a trial judge who has participated in the actual disposition of the case and oversaw the detail inherent in the trial process is " . . . in the best position to determine appropriate punishment for the protection of society and rehabilitation of the defendant." *State v. Powell,* 6 N.C. App. 8, 11, 169 S.E. 2d 210 (1969) ; no error, 277 N.C. 672, 178 S.E. 2d 417 (1970). Our General Assembly enacted a flexible statutory scheme enabling the trial court to " . . . impose a sentence appropriate to the individual defendant and to the specific fact situation. As stated in *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695, a trial judge 'may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced.' " *State v. Stewart,* 4 N.C. App. 249, 251, 166 S.E. 2d 458 (1969).

[2] Here the trial court rendered a sentence which falls within the appropriate statutory limit and the record indicates no abuse of discretion. This trial court, reacting to the full implications of this particular case, resolved that defendant Harris should serve ten years in our State prison system. "In our lexicon a sentence is harsh only when it exceeds merited punishment." *State v. Stafford, supra,* at 528. The record is completely devoid of any circumstances which would bring this sentence within the situation referred to by Justice Higgins in *State v. Wright, supra,* which would allow this Court to review the trial judge as to quantum of punishment.

> "If defendant believes that the punishment imposed is unduly severe in fact, his recourse is to seek action by the Board of Paroles or other exercise of the power of executive clemency." *State v. Baugh,* 268 N.C. 294, 295, 150 S.E. 2d 437 (1966) ; *State v. Stewart, supra,* at 252.

No error.

Judges HEDRICK and ARNOLD concur.