State v. Sligh

---

STATE OF NORTH CAROLINA v. MURITNELL SLIGH

No. 7511SC694

(Filed 3 December 1975)

1. Criminal Law § 114— recapitulation of evidence — no expression of opinion

The trial judge did not express an opinion on the evidence in violation of G.S. 1-180 when he stated during recapitulation of the evidence that one of the defendant's alibi witnesses testified on cross-examination that he and defendant were friends.

2. Criminal Law § 138— sentence exceeding that of codefendant

The trial court did not err in imposing a sentence against defendant for common law robbery which was greatly in excess of the sentence given his codefendant under the codefendant's plea bargaining arrangement with the State.

3. Criminal Law § 102— influence on testimony of defense witness by district attorney — refusal to hold voir dire

The trial court did not err in refusing to conduct a *voir dire* hearing to determine whether the district attorney had talked with defense witnesses and improperly influenced their testimony.

APPEAL by defendant from *Hall, Judge.* Judgment entered 13 May 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 21 November 1975.

Defendant was originally tried with codefendant Andrea Tinsley upon a charge of armed robbery at the February, 1975 Session of the Superior Court in Johnston County. At the close

of the State's evidence, defendant made a motion for judgment as of nonsuit as to armed robbery which motion was allowed. The jury being unable to agree upon a verdict as to the charge of common law robbery, the first trial ended in a mistrial. A second trial was held at the May, 1975 Session of Superior Court and defendant pleaded not guilty. The State presented testimony of witnesses Vann and Gilbert who testified that, on the night of 11 December 1974, they were working at Byrd's Drive-In in Selma, North Carolina, when defendant and Andrea Tinsley entered and robbed them of about $55. Andrea Tinsley, testifying for the State, related how he and defendant carried out the robbery. Defendant introduced testimony of five witnesses to establish his alibi for the night of the robbery. He also presented the testimony of the administrative assistant to the district attorney, who heard Tinsley's original confession, and court records relating to Tinsley.

The jury returned a verdict finding defendant guilty of the offense of common law robbery and defendant received a prison sentence for a term of not less than seven and not more than nine years. From this judgment defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*L. Austin Stevens for defendant appellant.*

PARKER, Judge.

[1]   Defendant assigns as error the trial judge's recapitulation of evidence in which he stated that Bobby Sneed, Jr., one of defendant's alibi witnesses, testified on cross-examination that he and the defendant were friends. Defendant maintains this statement by the trial judge violated G.S. 1-180 in that it could have intimated to the jury that the Court did not find this witness's testimony to be worthy of belief. We find no error. The trial judge was merely recapitulating correctly the evidence as it is set out in the record.

[2]   Defendant contends that the trial court committed reversible error in entering a judgment imposing a sentence against defendant which was greatly in excess of the sentence given his codefendant, Andrea Tinsley, under Tinsley's plea bargaining arrangement with the State. Defendant received a prison sentence for a term of not less than seven and not more than

nine years, a permissible term under G.S. 14-2. "The fact that others tried on similar charges are given shorter sentences is not ground for legal objection, the punishment imposed in a particular case, if within statutory limits, being within the sound discretion of the trial judge." 3 Strong, N. C. Index, 2d, Criminal Law § 138; *State v. Taborn,* 268 N.C. 445, 150 S.E. 2d 779 (1966).

[3] Defendant maintains the Court committed reversible error in refusing to conduct a voir dire hearing to determine whether the District Attorney had talked with defense witnesses and improperly influenced their testimony. We find no showing in the record indicating any abuse of the trial court's discretion in not inquiring into an assertion of undue influence over these witnesses by the District Attorney. Neither the record nor defendant's brief indicates in what manner, if any, defendant contends the testimony of the witnesses may have been affected by their discussions with the district attorney.

No error.

Judges HEDRICK and ARNOLD concur.