STATE OF NORTH CAROLINA v. JACKIE MARION RANSOM

No. 7912SC102

(Filed 5 June 1979)

**Criminal Law § 138.1— more severe sentence than accomplice who entered plea bargain**

The trial court did not penalize defendant for pleading not guilty and exercising his right to a trial by imposing on defendant a sentence of 25 years upon his conviction of armed robbery when it had imposed a sentence of only 13 years on an accomplice who entered into a plea bargaining agreement and testified for the State in defendant's trial.

APPEAL by defendant from *Herring, Judge.* Judgment entered 13 September 1978 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 April 1979.

Defendant was charged with armed robbery. The State's evidence tends to show that on 12 July 1977, Williams Grocery Store in Fayetteville was robbed by two men, one using a gun. Charles Ray Carter confessed to having robbed the store and, in return for a plea bargaining agreement, testified at defendant's trial. Carter stated that he met defendant on 12 July 1977 at a friend's trailer. Defendant mentioned that he needed some money so he drove Carter and another man, Dailon Ray, to Williams Grocery Store. Defendant handed the gun to Carter and told Carter and Ray that he would wait in the car. Carter and Ray robbed an employee of the store and left with the defendant. They later divided the money.

Defendant's evidence tends to supply an alibi. He was convicted of armed robbery and sentenced to twenty-five years.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Assistant Public Defender James R. Parish, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward only one assignment of error. He contends that the trial court erred in imposing an active sentence of twenty-five years which was almost twice the sentence imposed on Carter who pleaded guilty. In exchange for testifying, Carter entered into a plea bargaining agreement wherein he received a sentence of thirteen years to run concurrently with a sentence he was serving in South Carolina. Defendant claims that the disparity in the sentences reflects a penalty for pleading not guilty and exercising his right to trial. If the sentence rendered is within the statutory limits, this Court presumes that the trial court acted fairly in imposing the judgment. *State v. Harris,* 27 N.C. App. 385, 219 S.E. 2d 306 (1975). In *State v. Sligh,* 27 N.C. App. 668, 219 S.E. 2d 801 (1975), defendant was also given a sentence greatly in excess of that given to his co-defendant who entered into a plea bargaining arrangement. The Court upheld the sentence, finding that " '[t]he fact that others tried on similar charges are given shorter sentences is not ground for legal objection, the punishment imposed in a particular case, if within statutory limits, being within the sound discretion of the trial judge.' " (Citations omitted.) *State v. Sligh, supra,* at 670. In the instant case, the sentence imposed was within the statutory limit and defendant, therefore, has no grounds to object. We find no error.

No error.

Judges CLARK and CARLTON concur.