STATE OF NORTH CAROLINA v. ROBERT EUGENE BENNETT

No. 8227SC369

(Filed 16 November 1982)

**1. Criminal Law § 163— failure to object to error in charge—rule of appellate procedure as preempting general statute**

Where defendant failed to object to a disputed portion of a jury charge, he did not properly preserve his assignment of error under App. Rule 10(b)(2). By enacting Rule 10(b)(2), the Supreme Court has by preemption abrogated G.S. 15A-1446(d)(13) in that it is inconsistent. N.C. Constitution Article IV, § 13(2), G.S. 7A-33, and G.S. 7A-34.

**2. Criminal Law § 163— failure to request instruction conference — inconsistency between statute and rule of practice**

Where G.S. 15A-1231(b) and (d) clearly contemplate that defendant was required to request an instruction conference as a prerequisite to assigning error to the trial court's failure to conduct one, pursuant to the provisions of G.S. 7A-34, Rule 21 of the Rules of Practice of the Superior and District Courts, which is inconsistent with the statute, must give way to the provisions of the statute.

**3. Criminal Law § 163— opportunity to object to jury instructions**

Where the trial judge concluded his jury instructions by asking: "all right, now, anything further from either the State or the defendant?" and the defense counsel replied: "nothing for the defense," defendant was given a sufficient opportunity to object to the jury instructions outside the hearing of the jury.

APPEAL by defendant from *Friday, Judge.* Judgment entered 3 December 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 19 October 1982.

Defendant was charged, in four separate indictments, with two counts of felonious possession of marijuana with the intent to sell and with two counts of feloniously selling and delivering marijuana. A jury returned guilty verdicts on all four counts. From

judgment imposing active sentences of imprisonment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant-appellant.*

WELLS, Judge.

By his sole assignment of error, defendant contends that the trial court erred in including in its charge to the jury, without request from defendant, the following instruction:

> Now, ladies and gentlemen, the defendant in this case has not gone on the witness stand and testified during this trial, and under the law, when a person is placed upon trial, such defendant may or may not go on the witness stand and testify in his own behalf as he may elect or as his counsel may advise. The Court, therefore, charges you that his failure to go upon the witness stand is not to be considered as evidence of any kind in this case, for the burden of proof is upon the State, as the Court will instruct you, to satisfy you from the evidence and beyond a reasonable doubt as to the defendant's guilt.

Defendant contends first that it was error for the trial court to give any instruction on defendant's failure to testify because defendant did not request such an instruction; and second, that the instruction given was erroneous because it failed to clearly inform the jury that defendant's failure to testify should not create any inferences adverse to defendant.

Defendant did not object to the disputed charge and therefore, the threshold question we must address in this appeal is whether defendant has properly preserved his assignment of error.

Article IV, Sec. 13(2) of the North Carolina Constitution provides the framework for our discussion:

> (2) *Rules of procedure.*—The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division. The General Assembly may

make rules of procedure and practice for the Superior Court and District Court Divisions, and the General Assembly may delegate this authority to the Supreme Court. No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury. If the General Assembly should delegate to the Supreme Court the rule-making power, the General Assembly may, nevertheless, alter, amend, or repeal any rule of procedure or practice adopted by the Supreme Court for the Superior Court or District Court Divisions.

Pursuant to that article, the General Assembly has enacted the following pertinent statutes:

— G.S. 7A-33. *Supreme Court to prescribe appellate division rules of practice and procedure.* — The Supreme Court shall prescribe rules of practice and procedure designed to procure the expeditious and inexpensive disposition of all litigation in the appellate division.

— G.S. 7A-34. *Rules of practice and procedure in trial courts.* — The Supreme Court is hereby authorized to prescribe rules of practice and procedure for the superior and district courts supplementary to, and not inconsistent with, acts of the General Assembly.

Under its constitutional mandate, our Supreme Court has adopted the following pertinent rule of appellate procedure:

— Rule 10(b)(2). *Jury Instructions; Findings and Conclusions of Judge.* — No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

Pursuant to the authority delegated to it under G.S. 7A-34, our Supreme Court has adopted the following pertinent rule of practice for the Superior and District Courts:

— Rule 21. *Jury Instruction Conference.* — At the close of the evidence (or at such earlier time as the judge may reasonably

direct) in every jury trial, civil and criminal, in the superior and district courts, the trial judge shall conduct a conference on instructions with the attorneys of record (or party, if not represented by counsel). Such conference shall be out of the presence of the jury, and shall be held for the purpose of discussing the proposed instructions to be given to the jury. An opportunity must be given to the attorneys (or party, if not represented by counsel) to request any additional instructions or to object to any of those instructions proposed by the judge. . . .

At the conclusion of the charge and before the jury begins its deliberations, and out of the hearing, or upon request, out of the presence of the jury, counsel shall be given the opportunity to object on the record to any portion of the charge, or omission therefrom, stating distinctly that to which he objects and the grounds of his objection.

[1] We next discuss the apparently conflicting provisions of Rule 10(b)(2) and the provisions of sub-sections (b) and (d)(13) of G.S. 15A-1446, which are:

—G.S. 15A-1446. *Requisites for preserving the right to appellate review.* —

. . .

(b) Failure to make an appropriate and timely motion or objection constitutes a waiver of the right to assert the alleged error upon appeal, but the appellate court may review such errors in the interest of justice if it determines it appropriate to do so.

. . .

(d) Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.

. . .

(13) Error of law in the charge to the jury.

A similar question was before our Supreme Court in *State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981), involving the conflicting provisions of G.S. 15A-1446(d)(6),[1] and Appellate Rule 14(b)(2)[2], where the constitutional issue was not raised at trial. The Court's response to this issue in *Elam* was as follows:

> Subsection (6) of G.S. 15A-1446(d) is in direct conflict with Rules 10 and 14(b)(2) of the Rules of Appellate Procedure and our case law on the point. The Constitution of North Carolina provides that "[t]he Supreme Court shall have exclusive authority to make rules of practice and procedure for the Appellate Division." N.C. Const. Art. IV § 13(2). The General Assembly was without authority to enact G.S. 15A-1446(d)(6). It violates our Constitution. Our Rule 14(b)(2) and our case law are authoritative on this point. . . . This Court will refrain from deciding constitutional questions which are not raised or passed upon in the trial court. . . .

Recognizing that the Court in *Elam* relied in part on a long case law history in this State requiring trial court activity as a requisite for appellate review of constitutional issues, the Court's language nevertheless compels us to the conclusion that by enacting Rule 10(b)(2), the Court has by preemption abrogated G.S. 15A-1446(d)(13).

[2] In the case now before us, defendant concedes that he failed to make a contemporaneous objection, but contends, nevertheless, that his assignment of error requires our review, for three rea-

---

1. (d) Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.

. . .

(6) The defendant was convicted under a statute that is in violation of the Constitution of the United States or the Constitution of North Carolina.

2. (2) *Appeal Presenting Constitutional Question.* In an appeal which is asserted by the appellant to involve a substantial constitutional question, the notice of appeal shall contain the elements specified in Rule 14(b)(1) and in addition shall specify the articles and sections of the Constitution asserted to be involved; shall state with particularity how appellant's rights thereunder have been violated; and shall affirmatively state that the constitutional issue was timely raised (in the trial tribunal if it could have been, in the Court of Appeals if not) and either not determined or determined erroneously.

sons: one, Judge Friday failed to conduct an instruction conference, as required by Rule 21 of the Rules of Practice; two, Judge Friday failed to give defendant an opportunity to object to the charge out of the hearing of the jury, in violation of Rule 21; and three, the disputed charge contains such "plain error" as to require our corrective action.

We next discuss the apparent conflict between Rule 21 and the provisions of G.S. 15A-1231(b). Defendant contends that the requirements of Rule 21 are mandatory, and therefore, by implication, that the trial court's failure to follow the rule requires a new trial. The statute is as follows:

—G.S. 15A-1231. *Jury Instructions.*—

. . .

(b) On request of either party, the judge must, before the arguments to the jury, hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure of the judge to comply fully with the provisions of this subsection does not constitute grounds for appeal unless his failure, not corrected prior to the end of the trial, materially prejudiced the case of the defendant.

. . .

(d) All instructions given and tendered instructions which have been refused become a part of the record. Failure to object to an erroneous instruction or to the erroneous failure to give an instruction does not constitute a waiver of the right to appeal on that error in accordance with G.S. 15A-1446(d)(13).

The provision of the statute clearly contemplates that defendant was required to request an instruction conference as a prerequisite for assigning error to the trial court's failure to conduct one. Pursuant to the provisions of G.S. 7A-34, Rule of Prac-

tice 21 must give way to the provisions of the statute. Defendant not having requested an instruction conference, he cannot assert as error the trial court's failure to conduct one, nor did this conduct of the trial court excuse defendant's failure to enter a contemporaneous objection to the disputed instruction.[3]

[3] We next address defendant's contention that he was not given an opportunity to object outside the hearing of the jury. When Judge Friday concluded his jury instructions, he then made the following inquiry: "all right, now, anything further from either the State or the defendant?" To the inquiry, defendant's counsel replied: "nothing for the defense." We hold that the trial court's inquiry was sufficient to provide defendant an opportunity to approach the Court and object outside the hearing of the jury and therefore constituted substantial compliance with that portion of Rule 21 which requires an opportunity to object outside the hearing of the jury.

We next address defendant's "plain error" argument. Defendant contends that the disputed instruction contained such plain substantive error as to provide the basis for our review under Rule 2 of the Rules of Appellate Procedure.[4] We do not agree. While it may be argued that to give such an instruction without request was error, we are not persuaded that it was such plain error as to invoke our review under Rule 2.

No error.

Judges VAUGHN and WHICHARD concur.

---

3. In view of our holding on this point, it would seem that in order to avoid the conflict between Rule 21 and G.S. 15A-1231, it would be the better practice for trial judges to comply with the Rule in all cases. We also note that the last sentence of 15A-1231(d), being in obvious conflict with Rule 10(b)(2), must be considered to be abrogated by the Rule.

4. Rule 2. SUSPENSION OF RULES. To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.