STATE OF NORTH CAROLINA v. RAYMOND MORRIS

No. 8227SC464

(Filed 15 February 1983)

**1. Criminal Law § 163— jury instruction conference—necessity for request**

Defendant could not assert as error the trial court's failure to conduct a jury instruction conference where defendant failed to request an instruction conference as contemplated by G.S. 15A-1231(b), since Superior and District Court Rule 21 which requires an instruction conference must give way to the provisions of the statute. G.S. 7A-34.

**2. Criminal Law § 163— opportunity to object to instructions—effect of failure to object**

Defendant was given a sufficient opportunity to object outside the hearing of the jury to the trial court's instructions pursuant to the requirement of Superior and District Court Rule 21 when, at the conclusion of the instructions, the trial judge inquired as to whether there was anything further from the State or the defendant, and where defendant failed to object to the court's instruction concerning his failure to testify, he did not properly preserve for appeal his assignment of error to such instruction under Appellate Rule 10(b)(2).

**3. Criminal Law § 138— offense before Fair Sentencing Act—finding of aggravating factors—no prejudice to defendant**

Defendant was not entitled to a new sentencing hearing because the trial court found three aggravating circumstances in imposing a sentence for an offense which occurred prior to the effective date of the Fair Sentencing Act where the sentence imposed was well within the statutory limit for the crime, and the matters considered and labeled by the court as "aggravating" factors were proper and relevant for consideration for purposes of sentencing. G.S. 15A-1340.1; G.S. 15A-1340.3.

APPEAL by defendant from *Friday, Judge*. Judgment entered 9 December 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 8 November 1982.

Defendant was tried upon an indictment charging him with having committed an assault with a deadly weapon with intent to kill, inflicting serious injury on or about 20 June 1981. Defendant was convicted by jury of assault with a deadly weapon inflicting serious injury, and sentenced to four years imprisonment. From this judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

JOHNSON, Judge.

Defendant contends the trial court erred in (1) failing to conduct a jury instruction conference as required by Rule 21, (2) instructing the jury on defendant's failure to testify and (3) imposing an improper sentence.

The trial judge failed to conduct a jury instruction conference and the defendant failed to request one. Then the trial judge, without a request from defendant, gave the following disputed charge:

> Now ladies and gentlemen, . . . the Court will instruct you further, the defendant, Raymond Morris, has not gone on the witness stand and testified during this trial. Under the law, when a person is placed upon trial in a criminal case, such defendant may or may not go upon the witness stand to testify in his own behalf, as he may elect or as his counsel may advise. The Court, therefore, charges you that a failure to go upon the witness stand is not to be considered as evidence of any kind in this case, for the burden of proof is on the State, as the Court has heretofore instructed you, to satisfy you from the evidence beyond a reasonable doubt of the defendant's guilt.

At the conclusion of the jury instruction and prior to the jury commencing its deliberations, the trial judge inquired of the attorneys, "all right now, anything further from either the State or the defendant?" In response, defense counsel requested and was allowed to approach the bench where a bench conference ensued. As a result of this bench conference, the court corrected an earlier misstatement of the evidence.

[1] By his first assignment of error, defendant argues that it is mandatory under Rule 21 of the General Rules of Practice for Superior and District Courts that a jury instruction conference be conducted and that the court's failure to conduct the conference denied defendant the opportunity to object to any portion of the

charge at trial. By his second assignment of error, defendant argues that it was error for the court to instruct on defendant's failure to testify and that the instruction as given was defective because it did not inform the jury that "defendant's failure to testify shall not create any presumption against him." We note that defendant did not object to the disputed charge.

Defendant's first and second assignments of error are controlled by this Court's decision in *State v. Bennett*, 59 N.C. App. 418, 297 S.E. 2d 138 (1982). In *Bennett* the following pertinent facts appeared: the trial judge failed to conduct a jury instruction conference as required by Rule 21 of the Rules of Practice; the defendant did not request an instruction conference; without a request from defendant, the trial judge gave an identical instruction as given in this case on the defendant's failure to testify; at the conclusion of the jury instruction and prior to the jury commencing its deliberations, the court inquired of counsel for the State and defense if there was anything further to which defendant's counsel stated "nothing for the defense;" and the defendant failed to object to the disputed charge.

This Court stated that the provision of Rule 21 which requires the trial judge to conduct a jury instruction conference conflicts with G.S. 15A-1231(b).[1] The Court then concluded:

1. Rule 21 provides: *Jury Instruction Conference.* At the close of the evidence (or at such earlier time as the judge may reasonably direct) in every jury trial, civil and criminal, in the superior and district courts, the trial judge shall conduct a conference on instructions with the attorneys of record (or party, if not represented by counsel). Such conference shall be out of the presence of the jury, and shall be held for the purpose of discussing the proposed instructions to be given to the jury. An opportunity must be given to the attorneys (or party, if not represented by counsel) to request an additional instructions or to object to any of those instructions proposed by the judge . . . At the conclusion of the charge and before the jury begins its deliberations, and out of the hearing, or upon request, out of the presence of the jury, counsel shall be given the opportunity to object on the record to any portion of the charge, or omission therefrom, stating distinctly that to which he objects and the grounds of his objection.

G.S. 15A-1231(b) provides: On request of either party, the judge must, before the arguments to the jury, hold a recorded conference on instructions out of the presence of the jury. At the conference the judge must inform the parties of the offenses, lesser included offenses, and affirmative defenses on which he will charge the jury and must inform them of what, if any, parts of tendered instructions will be given. A party is also entitled to be informed, upon request, whether the judge intends to include other particular instructions in his charge to the jury. The failure

[G.S. 15A-1231(b)] clearly contemplates that defendant was re-
quired to request an instruction conference as a prerequisite
for assigning error to the trial court's failure to conduct one.
Pursuant to the provisions of G.S. 7A-34, Rule of Practice 21
must give way to the provisions of the statute. Defendant not
having requested an instruction conference, he cannot assert
as error the trial court's failure to conduct one, nor did this
conduct of the trial court excuse defendant's failure to enter
a contemporaneous objection to the disputed instruction.

59 N.C. App. at 423-24, 297 S.E. 2d at 141.[2]

[2]   As to defendant's contention that he was not given an oppor-
tunity to object outside the hearing of the jury, the Court stated:

[T]he trial court's inquiry was sufficient to provide defendant
an opportunity to approach the court and object outside the
hearing of the jury and therefore constituted substantial com-
pliance with that portion of Rule 21 which requires an oppor-
tunity to object outside the hearing of the jury.

*Id.* at 424, 297 S.E. 2d at 142.

The *Bennett* court concluded that the defendant's failure to
object to the disputed charge during the opportunity provided
resulted in his failure to properly preserve the assignment of er-
ror for appeal, as required by Rule 10(b)(2).[3] This case is in-
distinguishable from *Bennett* and defendant has failed to preserve
his two assignments of error regarding the trial court's jury in-
struction.

---

of the judge to comply fully with the provisions of this subsection does not con-
stitute grounds for appeal unless his failure, not corrected prior to the end of the
trial, materially prejudiced the case of the defendant.

2. G.S. 7A-34 provides: The Supreme Court is hereby authorized to prescribe
rules of practice and procedure for the superior and district courts supplementary
to, and not inconsistent with, acts of the General Assembly.

3. Rule 10(b)(2) provides: No party may assign as error any portion of the jury
charge or omission therefrom unless he objects thereto before the jury retires to
consider its verdict, stating distinctly that to which he objects and the grounds of
his objection; provided, that opportunity was given to the party to make the objec-
tion out of the hearing of the jury and, on request of any party, out of the presence
of the jury.

[3] Defendant next contends his sentence is null and void and that he is entitled to a new sentencing hearing. Defendant argues that the court considered improper matters in sentencing him and erroneously sentenced him pursuant to the Fair Sentencing Act which was inapplicable to defendant's case because the offense for which defendant was convicted occurred prior to the effective date of the Act. The Fair Sentencing Act specifically provides that the act ". . . shall apply to the sentencing of all persons convicted of felonies . . . that occur on or after July 1, 1981." G.S. 15A-1340.1.

The offense for which defendant was convicted occurred on or about 20 June 1981. Upon sentencing defendant, the court found the following aggravating circumstances and imposed a sentence of four years: (1) defendant was previously convicted and served time for second degree murder; (2) the victim was unarmed, in the presence and vicinity of a small child and on his own premises at the time of the assault; and (3) defendant used a deadly weapon, inflicted serious bodily injury and fled the scene of the crime.

Defendant is correct in his contention that the Fair Sentencing Act was not applicable to his case; however, this does not warrant a new sentencing hearing. The maximum punishment allowed under the statute applicable to defendant's case at the time was ten years. G.S. 14-32(b) provides, "[a]ny person who assaults another person with a deadly weapon and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than 10 years, or both such fine and imprisonment." There was no presumptive sentence applicable to defendant's case and the trial court was at liberty to impose a maximum sentence of ten years without making any findings. The four year sentence imposed was well within the statutory limit and is presumed to be valid and regular unless the record discloses that the court considered irrelevant and improper matters in determining the severity of sentence. *State v. Swinney*, 271 N.C. 130, 155 S.E. 2d 545 (1967); *State v. Stewart*, 4 N.C. App. 249, 166 S.E. 2d 458 (1969); *State v. Harris*, 27 N.C. App. 385, 219 S.E. 2d 306 (1975).

This Court has held that in determining the sentence to be imposed, the trial judge may consider such matters as the age, character, education, environment, habits, mentality, propensities

and record of the defendant. *State v. Stewart, supra* at 251, 166 S.E. 2d at 460. In addition to considering the defendant's record, the trial judge in the present case considered several facts and circumstances of the crime for which defendant was convicted and was to be sentenced. G.S. 15A-1340.3 provides:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

In sentencing defendant the trial judge was not required to ignore the facts and evidence of the case. The matters considered and labeled by the court as "aggravating" factors were proper and relevant for consideration for purposes of sentencing. The defendant has failed to show that the trial judge considered an improper or irrelevant matter in sentencing him.

In defendant's trial we find

No error.

Judges ARNOLD and HILL concur.