STATE OF NORTH CAROLINA v. DEVOZEO DEMONTRA PERSON

No. 2A08

(Filed 12 June 2008)

**Rape— erroneous instruction—not plain error**

> A Court of Appeals decision granting defendant a new trial on a charge of first-degree rape based on acting in concert with another person because of the trial court's erroneous instruction referring to guilt both as a principal and by acting in concert is reversed for the reason stated in the dissenting opinion that the instruction did not constitute plain error.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 187 N.C. App. ——, 653 S.E.2d 560 (2007), finding no prejudicial error in part in a trial which resulted in judgments entered 2 March 2006 by Judge Jesse B. Caldwell, III in Superior Court, Mecklenburg County, but remanding in part for entry of judgment and resentencing on one count each of second-degree rape and second-degree sexual offense and ordering a new trial for defendant on the charge of first-degree rape by acting in concert with someone else. Heard in the Supreme Court 7 May 2008.

WEAVER v. SHEPPA

[362 N.C. 341 (2008)]

*Roy Cooper, ·Attorney General, by K.D. Sturgis, Assistant Attorney General, for the State-appellant.*

*Kevin P. Tully, Public Defender, by Julie Ramseur Lewis, Assistant Public Defender, for defendant-appellee.*

PER CURIAM.

For the reasons given in the dissenting opinion, we reverse the decision of the Court of Appeals as to the appealable issue of right, that is whether defendant is entitled to a new trial on the charge of first-degree rape by acting in concert. As to that matter, the Court of Appeals is instructed to reinstate the judgment of the trial court. The remaining issues addressed by the Court of Appeals are not properly before this Court and its decision as to these issues remains undisturbed.

REVERSED IN PART.