STATE OF NORTH CAROLINA
v.
JAMES HAROLD PARKER.
No. COA08-1471.
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General David Gordon, for the State.
Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.
BRYANT, Judge.
James Harold Parker (defendant) appeals from judgments entered upon jury verdicts finding him guilty of one count of first-degree sexual offense, four counts of taking indecent liberties with a child, and one count of sexual activity by a substitute parent. We find no error.

Facts
In the summer of 1996, defendant became romantically involved with L.B.[1], the mother of three daughters. Defendant began to reside with L.B., and the two eventually married. Sometime after their marriage, defendant and L.B. began experiencing marital difficulties. During defendant's marriage to L.B., he did not work, but would look after L.B.'s daughters while she was working. L.B. learned in 2000 from her sister that defendant had touched one of her daughters, A.D., inappropriately. An investigation was conducted by social services, and defendant was removed from the home. Subsequently, A.D. stated the touching was accidental, after which defendant was allowed to return to the home.
In May of 2003, A.D. told L.B. that defendant had touched her inappropriately. Due to her daughter's accusations, L.B. filed for divorce. It was not until the latter part of 2005 that A.D. and J.H., another daughter of L.B., were forthcoming regarding details of incidents that occurred between them and defendant.
On 13 November 2006, defendant was indicted on three counts of first degree statutory sexual offense, five counts of taking indecent liberties with a child, three counts of sexual activity by a substitute parent, one count of attempted first-degree statutory rape, and two counts of attempted sexual activity by a substitute parent. On 25 July 2006, defendant pled guilty to two counts of first-degree statutory sexual offense and two counts of taking indecent liberties with a child pursuant to a plea agreement wherein all charges were consolidated under one B1 Felony. Defendant was sentenced in the mitigated range to serve an active sentence of 202 to 258 months. On 1 August 2006, defendant filed a motion to withdraw guilty plea. The trial court granted defendant's motion on 30 November 2006 and reinstated the charges against defendant. Defendant's trial began on 31 March 2008. At the close of the State's evidence, the trial court dismissed one count of first-degree sexual offense, one count of taking indecent liberties with a child, one count of sexual activity by a substitute parent, and two counts of attempted sexual activity by a substitute parent. On 2 April 2008, the jury returned verdicts of guilty on four counts of taking indecent liberties with a child, one count of first-degree sexual offense, and one count of sexual activity by a substitute parent. The jury returned a verdict of not guilty on all other charges.
The trial court entered prayer for judgment continued on three counts of taking indecent liberties with a child and one count of sexual activity by a substitute parent. Defendant was sentenced in the presumptive range on one count of first-degree sexual offense to 336 months to 413 months imprisonment and 21 to 26 months on one count of taking indecent liberties with a child. The sentences were to be served consecutively. Defendant appeals.
On appeal, defendant argues the trial court erred by: (I) denying his motion for mistrial; (II) failing to intervene ex mero motu during the State's closing argument; and (III) basing its sentencing decision, at least in part, on defendant's exercise of his right to a jury trial.

I
Defendant contends the trial court abused its discretion in denying his motion for mistrial because the trial court expressed its opinion regarding defendant's witnesses in the presence of the jury. We disagree.
Denial of a motion for mistrial is reviewed under an abuse of discretion standard. State v. Upchurch, 332 N.C. 439, 453, 421 S.E.2d 577, 585 (1992). A trial court abuses its discretion when its decision is manifestly unsupported by reason. White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "A mistrial should be granted only when there are improprieties in the trial so serious that they substantially and irreparably prejudice the defendant's case and make it impossible for the defendant to receive a fair and impartial verdict." State v. Warren, 327 N.C. 364, 376, 395 S.E.2d 116, 123 (1990) (citation omitted). "Consequently, a trial court's decision concerning a motion for mistrial will not be disturbed on appeal unless there is a clear showing that the trial court abused its discretion." Id.
Defendant argues the trial court impermissibly expressed an opinion about the evidence or the credibility of witnesses through remarks concerning individuals in the audience. "The presiding judge is given large discretionary power as to the conduct of a trial." State v. Rhodes, 290 N.C. 16, 23, 224 S.E.2d 631, 635 (1976). "Generally, in the absence of controlling statutory provisions or established rules, all matters relating to the orderly conduct of the trial or which involve the proper administration of justice in the court, are within his discretion." Id. A totality of the circumstances test is used in determining whether a judge's comments cross into the realm of impermissible opinion. State v. Larrimore, 340 N.C. 119, 155, 456 S.E.2d 789, 808 (1995). The following remarks occurred during the trial:
Court: Tell them folks back there, I done sent you back there. Tell them that all this reactions and shaking their heads and everything, they'll either stop it or either I'm going to run them out of the courtroom.
Bailiff: They've already been advised.
Court: All right. Well, you watch them, Mr. Sheriff. I'm tired of all these head motions and everything when this witness answers questions. All right.
Here, the trial court did not express an opinion regarding the evidence or the credibility of the witness. The trial court, in attempting to maintain order in the courtroom, corrected several individuals who were in the courtroom and whose behavior was disruptive to the trial proceedings.
Defendant also argues the trial court erred by impermissibly expressing its opinion when admonishing defendant on several occasions during his testimony to "just answer the question" or to "not argue" with the trial judge. We disagree.
"The trial court has a duty to control the examination of witnesses, both for the purpose of conserving the trial court's time and for the purpose of protecting the witness from prolonged, needless, or abusive examination."State v. White, 340 N.C. 264, 299, 457 S.E.2d 841, 861 (1995). In light of the circumstances, it does not appear that the trial court's comments constituted error. On several occasions during defendant's testimony, defendant's responses to questions were extensive and did not address the questions directly. The trial court's instructions to defendant during his testimony did not express an opinion, but attempted to encourage defendant to answer each question without including unnecessary details. The trial court appropriately exercised its duty to control defendant's examination.
Finally, defendant contends the trial court erred in its comments directed towards defense witness Derrick Dillon who abruptly jumped up during the State's closing argument, made remarks to the jury, and headed toward the door exiting the courtroom. Again, given the circumstances and the apparent hostility Dillon displayed, the trial court's comments directed to Dillon were for the proper purpose of controlling the courtroom. Additionally, the trial court instructed the jury to not draw any inference from comments or conduct toward Dillon. The trial court did not abuse its discretion by denying defendant's motion for mistrial. Therefore, this assignment of error is overruled.

II
Defendant next argues the trial court erred by failing to intervene ex mero motu during the State's closing argument when the State asserted that defendant's witness was lying. We disagree.
"The standard of review when a defendant fails to object at trial is whether the argument complained of was so grossly improper that the trial court erred in failing to intervene ex mero motu." State v. Trull, 349 N.C. 428, 451, 509 S.E.2d 178, 193 (1998). "In determining whether the statement was grossly improper, we must examine the context in which it was given and the circumstances to which it refers." Id. at 451, 509 S.E.2d at 193. The prosecutor made the following argument to which defendant objects:
Truthfulness, like I said. Escape. We think he's suppose [sic] to be in jail. He thinks he's suppose [sic] to be somewhere else. How truthful is that guy? Plus he's his brother. You shouldn't believe a word that man says.
Defendant contends the prosecutor was prohibited from arguing to the jury that they should not believe defendant's witness. However, our Supreme Court in a case cited by defendant specifically stated that a prosecutor "can argue to the jury that they should not believe a witness, but he should not call him a liar." State v. Miller, 271 N.C. 646, 659, 157 S.E.2d 335, 345 (1967). Here, the prosecutor did not make an improper argument. First, evidence was presented that defendant's brother had escaped from prison; thus the prosecutor was not making a statement regarding his personal opinion of the witness. Second, the prosecutor did not call the witness a liar, but merely argued to the jury whether a man who escaped from prison and was defendant's brother was believable. The prosecutor's argument was not grossly improper and the trial court was not required to intervene ex mero motu. This assignment of error is overruled.

III
Defendant next argues he is entitled to a new sentencing hearing because the judge punished defendant for exercising his right to a jury trial. We disagree.
During the sentencing phase, the State, in arguing that defendant should receive consecutive sentences, brought to the trial court's attention that defendant had pled guilty, then withdrew his guilty plea. The trial court responded as follows:
COURT: Well, since you mentioned it, I will put on the record that it is in the court record that the defendant [came] before Judge Osmond Smith and pled guilty. Now, there was some questions about it. Judge  under oath, he acknowledge to Judge Smith that he was pleading guilty to two counts of Class B-1 felony, first degree statutory sex offense, and that he was also pleading guilty to two counts of taking indecent liberties with a child. And then I somewhere in here, I read when he got down to the fact that Judge Smith asked him if he was in fact guilty, he said no. And then Ms. Bluford said we had asked to be able to plead guilty to Alford plea, but as a part of the plea arrangement, he was to be guilty. And then after some time, the proceeding before Judge Smith was that he was pleading guilty to the charges and he was in fact guilty. And the Court will note that thereafter, [defense counsel], I believe was successful in getting the Court to set aside that plea.
But it does appear to the Court that at least on this trial, or the trial before Judge Smith, that the defendant put his hand on the Bible and has not told the truth at least on one of those occasions, but I won't consider that.
. . .
[Defense counsel], let me assure you the fact that he [came] before Judge Smith and pled guilty and then withdrew his plea, I will not consider that in any way.
This was the extent of the trial court's comments on defendant's plea which was later withdrawn.
A sentence within statutory limits is presumed to be regular. State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Where the record, however, reveals the trial court considered an improper matter in determining the severity of the sentence, the presumption of regularity is overcome. Id. It is improper for the trial court, in sentencing a defendant, to consider the defendant's decision to insist on a jury trial.State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990). Where it can be reasonably inferred the sentence imposed on a defendant was based, even in part, on the defendant's insistence on a jury trial, the defendant is entitled to a new sentencing hearing. Id.
In State v. Tice, ___ N.C. App. ___, 664 S.E.2d 368 (2008), this Court addressed remarks made by the trial judge during the sentencing phase:
Mr. Tice, I imagine you've got to be feeling awfully dumb along right now. You've had ample opportunities to dispose of this case. The State has given you ample opportunity to dispose of it in a more favorable fashion and you chose not to do so. And I'm not sure if you thought that you were smarter than everybody else or that everybody else was just dumb.
Id. at ___, 664 S.E.2d at 373. This Court, relying on State v. Gantt, 161 N.C. App. 265, 588 S.E.2d 893 (2003), disc. review denied, 358 N.C. 157, 593 S.E.2d 83 (2004), determined the trial court's remarks, when viewed in context, did not "indicate an improper motivation." Tice at _______, 664 S.E.2d at 374.
Defendant's contention that the trial court's sentencing decision in the instant case was based on defendant's entry, then withdrawal, of a guilty plea is unfounded. Clearly, the trial court's remarks in this case do not indicate an improper motivation. The trial court's remarks reveal that the court was attempting to create a complete record that memorialized defendant's prior plea agreement with the State and defendant's subsequent withdrawal of the plea. See Gantt, 161 N.C. App. at 272, 588 S.E.2d at 898 (holding trial court's statement that the defendant "chose not to take advantage" of the State's plea offer "[did] not rise to the level of the statements our Courts have held to be improper"); State v. Person, 187 N.C. App. 512, 528, 653 S.E.2d 560, 570 (2007), overruled on other grounds by 362 N.C. 340, 663 S.E.2d 311 (2008) (given context of trial court's remarks regarding the defendant's prior rejection of the State's plea offer, there was no reasonable inference that the trial court considered improper matters when sentencing the defendant). Here, there is no validity to defendant's contentions. The trial court was not sentencing defendant more harshly for withdrawing his guilty plea. Defendant was sentenced in the presumptive range to consecutive sentences on two charges relating to sex offenses against two minor victims and received prayer for judgment continued on the remaining charges also involving the same minor victims.
The instant case is unlike State v. Hueto, ___ N.C. App. ___, 671 S.E.2d 62 (2009), where this Court remanded for resentencing because it found a reasonable inference could be made that the trial court considered improper matters when sentencing defendant. In Hueto, the trial court made the following remarks during sentencing:
Now the District Attorney has indicated to me that he would be willing to let me, if you are willing to plead guilty to one . . . B-1 felony, that he would be willing to put the sentencing [in] my hands and trust me to reach a fair sentence that everyone would be satisfied with. And I'm willing to do that for you. But if you say no, I want to have my jury trial, and let me emphasize that you have every right to a jury trial, and to let twelve people decide your case, but if you say you want to do that, then I will not be able to give you the help that I can probably give you at this point. And you are putting your faith in the hands of twelve strangers who do not know you, who do not know your situation, and if they find you guilty of the charges against both of these young girls, it will compel me to give you more than a single B-1 sentence, and I would have to give you at least two . . . and maybe more.
Id. at ___, 671 S.E.2d at 68 (emphasis in original). This Court determined that the trial court's decision to sentence the defendant to eight consecutive sentences was based, in part, on defendant's decision to plead not guilty.
Unlike in Hueto, we cannot say that the trial court's decision to impose two consecutive sentences and enter prayer for judgment on the remaining charges was based in any way on defendant's withdrawal of his guilty plea. Although when viewed through an appellate lens, the trial court's remarks in the instant case might be considered ill-advised, the record does not reflect that the trial court's remarks indicate an improper motive or that the trial court considered improper matters during sentencing. Therefore, we hold the trial court did not err in sentencing defendant to the presumptive range. This assignment of error is overruled.
No error.
Judges GEER and STEPHENS.
Report per Rule 30(e).
NOTES
[1] Initials have been used throughout to protect the identity of the victims.