STATE OF NORTH CAROLINA v. DENNIS WAYNE SHAW, DEFENDANT

No. COA09-1096

(Filed 5 October 2010)

**Sentencing— aggravated range—trial court comments taken out of context**

The trial court did not err in a second-degree murder case by sentencing defendant within the aggravated range based on the victim's great suffering prior to her death. Although defendant contended the trial court took into account a nonstatutory aggravating factor that was neither stipulated to nor found by a jury beyond a reasonable doubt, taken in context, the trial court's comments that the State had made a significant concession in not charging defendant with first-degree murder were in response to comments made by defense counsel during the proceeding regarding defendant's good character and reputation.

Appeal by defendant from judgment entered 3 February 2009 by Judge James E. Hardin, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 11 March 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant.*

ELMORE, Judge.

On 19 April 2006, Ronda Barnes (the victim) was discovered dead at her home. Her body was covered and had been burned with sulfuric acid; the cause of death was blunt force trauma to the head that had resulted in extensive bruising and hemorrhaging of the brain. The victim had several external injuries to her head that included lacerations to her upper and lower lips, a fractured nose, and chemical burns to the face, head, upper chest, and legs.

At the sentencing hearing, defendant's counsel gave a statement that contained the following assertions: At the time of the incident, defendant lived and worked in Washington, D.C.; and he and the victim had a child together. On the day in question, defendant visited the victim at her house, but soon they began to argue and a physical altercation ensued. Defendant left the room at one point to check himself for a cut and, when he returned to the room, the victim threw a dark glass container at him that contained acid; at that point, he "lost it" and began kicking and striking the victim, including striking her in the face several times with his right knee. He stated that he found out only after his return to Washington, D.C., that the victim was dead.

Defendant entered an *Alford* plea to second degree murder. The superior court found mitigating factors and aggravating factors in regard to defendant's sentencing. The superior court noted that defendant had been a person of good character and had a good reputation in the community in which he lived; had accepted responsibility for his criminal conduct; had been supporting his family; had a positive support system in the community; and had a positive employment history. In regard to aggravating factors, defendant stipulated that the victim suffered greatly prior to her death. The superior court held that this aggravating factor outweighed the mitigating factors and so sentenced defendant to the maximum aggravated sentence of 196 to 245 months' imprisonment. Defendant appeals that sentence.

Defendant argues that the trial court took into account a nonstatutory aggravating factor that was neither stipulated to nor found by a jury beyond a reasonable doubt, and which was not alleged in a charging document. Defendant's argument is based upon comments made by the trial court to the effect that (1) defendant could have been tried for premeditated first degree murder and (2) "the State . . . made a significant concession . . . allowing [him] to plead second-degree murder." Defendant argues that it can be inferred from these

comments that the trial court considered improper and irrelevant matters when it rendered defendant's sentence. We disagree.

Upon motion by a defendant, a new sentencing hearing must be granted "when a judge aggravates a criminal sentence on the basis of findings made by the judge that are in addition to or in lieu of findings made by a jury." *State v. Hurt*, 361 N.C. 325, 329, 643 S.E.2d 915, 917 (2007). The standard in *Hurt* is based on *Apprendi*: "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000). Said "statutory maximum" constitutes the maximum sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, 159 L. Ed. 2d 403, 413 (2004) (emphasis removed; citations omitted).

On appeal,

> a judgment is presumed to be valid and will not be disturbed absent a showing that the trial judge abused his discretion. When the validity of a judgment is challenged, the burden is on the defendant to show error amounting to a denial of some substantial right.

*State v. Bright*, 301 N.C. 243, 261, 271 S.E.2d 368, 379-80 (1980) (citation omitted).

Defendant's argument relies on *State v. Boone*, where our Supreme Court stated: "If the record discloses that the court considered irrelevant and improper matter[s] in determining the severity of the sentence . . . the sentence is in violation of defendant's rights." 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977) (citation omitted). However, *Boone* is distinguishable from the present case.

In *Boone*, the trial court threatened the defendant with a more severe sentence if the defendant exercised his right to a jury trial rather than pleading guilty to a lesser offense. *Id.* In the case at hand, no such threat—to punish defendant for exercising his constitutional rights—was made against defendant.

More on point here is State v. Person, 187 N.C. App. 512, 653 S.E.2d 560 (2007), rev'd in part on other grounds, 362 N.C. 340, 663 S.E.2d 311 (2008). In Person, the defendant argued that the trial court took into account improper matters when it rendered defendant's sentence. Id. at 525, 653 S.E.2d at 569. However, the defendant failed

to address the context in which the comments were made and thus the trial court held that the standard in Boone did not apply:

> defendant relie[d] on references of the trial judge to the fact that defendant rejected an offer by the State to grant concessions on charges or sentencing . . . . Defendant's argument, however, fails to take into account the context in which the trial judge made his remarks, including the fact that the trial judge was responding to statements made by defendant . . . .

*Id.* at 526, 653 S.E.2d at 569.

In the case at hand, defendant's argument similarly takes the trial court's comments out of context. When taken in context, the trial court's comments were clearly responses to comments made by defense counsel during the proceeding. Defense counsel made several references throughout the hearing regarding defendant's good character and reputation. During his colloquy with the court during the sentencing discussion, defense counsel even went as far as to say: "[W]hat you heard the good about [defendant] is better than what you're going to hear about most defendants that come to this courtroom." It was at that point that the trial court responded:

> I don't know, but I suspect if this had actually been tried as first-degree murder, the State would have argued under a theory of first-degree murder on the basis of premeditation and deliberation, that those can develop for a very short time even during the assault. I think the instruction would be given to the jury of that being the law. So as it relates to the State giving the defendant no concession, I think that had it been tried before the jury, that that would have been an appropriate charge and been submitted to the jury under these facts with that instruction.

A few moments later, the trial court stated that the State had made a "significant concession" in not charging defendant with first degree murder.

Defendant argues that these statements by the trial court show that, when sentencing defendant shortly thereafter, the trial court took into account an aggravating factor that was neither proven nor stipulated to. We disagree.

As is clear from the context of the statement, the trial court's remark was in response to defense counsel's assertions regarding defendant's good character and reputation; the fact that sufficient

evidence existed to charge defendant with premeditated and deliberate first degree murder is certainly inconsistent with defense counsel's assertions that defendant's good qualities placed him above all other previous defendants that had entered said courtroom.

Defendant is correct in his statement that, "[w]hen the trial judge errs in finding an aggravating factor and imposes a sentence in excess of the presumptive term, the case must be remanded for a new sentencing hearing." *State v. Wilson*, 338 N.C. 244, 259, 449 S.E.2d 391, 400 (1994) (citing *State v. Hayes*, 314 N.C. 460, 334 S.E.2d 741 (1985)). However, as we have held here that no such error was made by the trial judge, this principle is inapt here.

In sum, because the trial court did not err in sentencing defendant in the aggravated range, we find no error.

No error.

Judges JACKSON and STROUD concur.