IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-966

 Filed: 16 April 2019

Rowan County, Nos. 16 CRS 52465, -67, -69

STATE OF NORTH CAROLINA

 v.

DARREN LYNN JOHNSON

 Appeal by defendant from judgments entered 14 February 2018 by Judge Lori

I. Hamilton in Rowan County Superior Court. Heard in the Court of Appeals

27 February 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Mary McCullers Reece for defendant.

 ARROWOOD, Judge.

 Darren Lynn Johnson (“defendant”) appeals from judgments entered on

various drug related offenses. For the following reasons, we vacate the judgments

and remand for resentencing.

 I. Background

 During an undercover narcotics operation conducted by the Rowan County

Sheriff’s Department, officers purchased what they believed to be narcotics from

defendant during controlled buys on 7, 12, and 28 April 2016 and on 11 May 2016.
 STATE V. JOHNSON

 Opinion of the Court

Following the exchange on 11 May 2016, officers initiated a traffic stop and pulled

defendant over, searched the occupants of the vehicle, recovered what was believed

to be additional narcotics from defendant, and arrested defendant. On

12 September 2016, a Rowan County Grand Jury returned indictments charging

defendant with two counts of possession with intent to sell or distribute (“PWISD”)

heroin, two counts of selling heroin, two counts of trafficking in heroin by possession,

two counts of trafficking in heroin by transport, two counts of trafficking in heroin by

selling, one count of PWISD a schedule II controlled substance (methylphenidate

hydrochloride), one count of PWISD cocaine, and one count of PWISD a schedule IV

controlled substance (alprazolam).

 Defendant’s case was tried in Rowan County Superior Court before the

Honorable Lori I. Hamilton beginning on 13 February 2018. On 14 February 2018,

the jury returned verdicts finding defendant guilty on one count of PWISD heroin,

two counts of selling heroin, one count of trafficking in heroin more than 4 grams but

less than 14 grams by possession, one count of trafficking in heroin more than 4 grams

but less than 14 grams by transportation, one count of trafficking in heroin more than

4 grams but less than 14 grams by selling, and one count of PWISD a schedule II

controlled substance (methylphenidate hydrochloride). The trial court dismissed the

other indicted offenses either because of an error in the indictment or because the lab

 -2-
 STATE V. JOHNSON

 Opinion of the Court

results showed no controlled substances were discovered during testing of the

substances believed to be controlled substances.

 Upon return of the jury verdicts, the trial court consolidated some offenses and

entered four judgments as follows: the trial court (1) consolidated the convictions for

PWISD heroin with the two counts of selling heroin and sentenced defendant at the

top of the presumptive range to a term of 14 to 26 months; (2) sentenced defendant

for trafficking in heroin by possession to a consecutive mandatory term of 70 to 93

months; (3) consolidated the convictions for trafficking in heroin by transport and

trafficking in heroin by selling and sentenced defendant to a second consecutive

mandatory term of 70 to 93 months; and (4) sentenced defendant for PWISD schedule

II controlled substance (methylphenidate hydrochloride) at the top of the

presumptive range to a concurrent term of 8 to 19 months. Defendant filed notice of

appeal on 26 February 2018.1

 II. Discussion

 On appeal, defendant raises issue with his sentencing and does not otherwise

challenge the validity of his convictions. Thus, we review only the sentencing.

 As specified above, the trial court sentenced defendant at the top of the

presumptive range to concurrent terms for the non-trafficking offenses, and

 1 Defendant filed a conditional petition for writ of certiorari with this Court on
25 September 2018 because of deficiencies in the notice of appeal. We allow the petition and address
the merits of defendant’s appeal.

 -3-
 STATE V. JOHNSON

 Opinion of the Court

consolidated two of the three trafficking offenses and sentenced defendant to two

consecutive terms for the trafficking offenses, the length of which is mandated in N.C.

Gen. Stat. § 90-95(h)(4), to begin upon completion of the non-trafficking sentences.

Defendant acknowledges that the trial court has great discretion in imposing

sentences, both in terms of length and how multiple sentences are structured, and

does not assert the sentences imposed in this case are in and of themselves improper.

However, defendant argues “[t]he error arose not from any specific term chosen by

the trial court, but by the court’s clear indication that she chose [defendant’s]

sentence based on her improper consideration of matters unrelated to his charges.”

Specifically, defendant contends “[t]he trial court improperly considered her personal

knowledge of unrelated charges arising from a heroin-related death in her home

community when sentencing defendant.”

 It is well established that “[a] sentence within the statutory limit will be

presumed regular and valid.” State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465

(1977). However, our Supreme Court long ago recognized that “such a presumption

is not conclusive. If the record discloses that the court considered irrelevant and

improper matter in determining the severity of the sentence, the presumption of

regularity is overcome, and the sentence is in violation of defendant’s rights.” Id.

“The extent to which a trial court imposed a sentence based upon an improper

consideration is a question of law subject to de novo review.” State v. Pinkerton, 205

 -4-
 STATE V. JOHNSON

 Opinion of the Court

N.C. App. 490, 494, 697 S.E.2d 1, 4 (2010), rev’d on other grounds, 365 N.C. 6, 708

S.E.2d 72 (2011).

 N.C. Gen. Stat. § 15A-1340.12 provides that “[t]he primary purposes of

sentencing a person convicted of a crime are to impose a punishment commensurate

with the injury the offense has caused, taking into account factors that may diminish

or increase the offender’s culpability; to protect the public by restraining offenders;

to assist the offender toward rehabilitation and restoration to the community as a

lawful citizen; and to provide a general deterrent to criminal behavior.” N.C. Gen.

Stat. § 15A-1340.12 (2017). To that end, “[t]his Court has held that in determining

the sentence to be imposed, the trial judge may consider such matters as the age,

character, education, environment, habits, mentality, propensities and record of the

defendant.” State v. Morris, 60 N.C. App. 750, 754-55, 300 S.E.2d 46, 49 (1983). The

trial judge may also take into account the seriousness of a particular offense when

exercising its discretion to decide the minimum term to impose within the

presumptive range. State v. Oaks, 219 N.C. App. 490, 497-98, 724 S.E.2d 132, 137-

38 (2012).

 On the other hand, our Courts have held it is improper during sentencing for

a trial judge to consider a defendant’s refusal to accept a plea offer, Boone, 293 N.C.

at 712, 239 S.E.2d at 465, the financial status of a defendant, State v. Massenburg,

234 N.C. App. 609, 615, 759 S.E.2d 703, 707-708 (2014), the religious beliefs of either

 -5-
 STATE V. JOHNSON

 Opinion of the Court

a defendant or the judge, State v. Earls, 234 N.C. App. 186, 194, 758 S.E.2d 654, 659,

disc. review denied, 367 N.C. 791, 766 S.E.2d 643 (2014), and conduct not included in

the indictment, State v. Swinney, 271 N.C. 130, 133, 155 S.E.2d 545, 548 (1967).

 In the present case, defendant contends it is clear from the trial judge’s

remarks during sentencing that the trial judge improperly considered her personal

knowledge of matters not included in the record when sentencing him. Those

remarks appear in the transcript of the sentencing hearing as follows:

 Okay. Even more importantly to me, at least one of the
 people that was mentioned during the debriefing interview
 was a person that I happened to know was charged with a
 homicide in providing heroin to a person in Davie County
 who died. I’m concerned that those of you who are dealing
 in heroin in my community are causing the deaths of people
 in my community.

 So it is not just, “Oh, well, you know, I was just maybe
 dealing a little drugs.” It is actually a link in the chain that
 is leading to the deaths of tens of thousands of people in
 our country. It is a big deal to me. A big deal.

The trial court made these statements after hearing arguments from the defense and

the State, and just before announcing defendant’s sentence.

 Upon review of the record, we find no mention in the evidence of the homicide

referenced by the trial judge before it is brought up during sentencing. As defendant

points out, the trial judge’s statement appears to refer to the judge’s personal

knowledge that a person named by defendant during an interview with police on

 -6-
 STATE V. JOHNSON

 Opinion of the Court

11 May 2016, which was introduced into evidence at trial, is charged for a drug

related homicide in her community.

 The State does not dispute that there was no evidence of the homicide charge

in the record; nor does the State contend the homicide charge was relevant to

defendant’s sentencing. Instead, the State contends the trial judge’s statement must

be considered in context, see State v. Shaw, 207 N.C. App. 369, 372, 700 S.E.2d 62,

64, disc. review denied, 364 N.C. 621, 705 S.E.2d 357 (2010), and frames the trial

judge’s statement solely a reflection on the seriousness of the drug offenses, which is

an appropriate consideration under Oaks, 219 N.C. App. at 497-98, 724 S.E.2d at 137-

38. The State contends the trial judge’s reference to a personal anecdote does not

diminish the trial court’s consideration of the seriousness of drug offenses, which is

widely acknowledged and accepted. The State also asserts defendant cannot cite any

case law that it was improper for the judge to consider her personal knowledge of the

community.

 We agree with the State that the trial judge’s remarks must be considered in

context and that the seriousness of drug crimes is well recognized and a valid

consideration. If the trial court had only addressed the severity of the offenses by

reference to the effects of the drug epidemic in her community or nationwide, there

would be no issue in this case. In U.S. v. Bakker, 925 F.2d 728 (4th Cir. 1991), the

Court noted that “[t]o a considerable extent a sentencing judge is the embodiment of

 -7-
 STATE V. JOHNSON

 Opinion of the Court

public condemnation and social outrage” and recognized “that a sentencing court can

consider the impact a defendant’s crimes have had on a community and can vindicate

that community’s interests in justice.” Bakker, 925 F.2d at 740 (citation omitted).

Nevertheless, the Court in Bakker held the sentencing judge exceeded the boundaries

of due process when the judge impermissibly took his own religious characteristics

into account in sentencing the defendant. Id. at 740-41.

 Here, however, the trial judge did not just consider the impact of defendant’s

drug offenses on the community, but clearly indicated in her remarks that she was

considering a specific offense in her community for which defendant was not charged.

We now reiterate that, upon hearing sentencing arguments by the defense and the

State, the trial judge stated, “[e]ven more importantly to me, at least one of the people

that was mentioned during the debriefing interview was a person that I happened to

know was charged with a homicide in providing heroin to a person in Davie County

who died.” It is hard to imagine how the trial court could have been any more clear

that the unrelated homicide charge was a significant consideration.

 Both parties acknowledge that it is improper for the trial judge to consider

matters not charged in the indictments. Here the trial judge did just that. Instead

of attempting to draw a bright line as to when matters within the personal knowledge

of the trial judge cross the bounds of impropriety, we simply hold the trial judge

crossed the line in this case by considering her personal knowledge that a person

 -8-
 STATE V. JOHNSON

 Opinion of the Court

mentioned by defendant was charged with a drug related homicide in her community

when there is no mention of the charge in the indictments or the evidence at trial.

 The prejudice resulting from the trial judge’s improper consideration is harder

to pinpoint than the impropriety itself because, as defendant acknowledges, the terms

imposed for the offenses are not improper. The length of the sentences imposed for

the trafficking offenses were mandated by statute. See N.C. Gen. Stat. § 90-95(h)(4)

(2017). For the non-trafficking offenses, the trial judge had discretion to choose any

minimum term within the presumptive range authorized by N.C. Gen. Stat. § 15A-

1430.17, and did so, albeit at the top of the presumptive range. See State v. Parker,

143 N.C. App. 680, 685-86, 550 S.E.2d 174, 177 (2001) ( “The Structured Sentencing

Act clearly provides for judicial discretion in allowing the trial court to choose a

minimum sentence within a specified range.”). Any prejudice in defendant’s

sentencing resulted from the exercise of the trial judge’s discretion concerning which

offenses to consolidate for judgment and how to run the multiple sentences; there

were many possibilities from which the trial judge could choose.

 Given that the sentences imposed were not impermissible, both parties agreed

at oral arguments that if defendant is granted a new sentencing hearing and receives

the same sentence, the sentence would be proper. Nevertheless, when confronted

with a question about prejudice at oral argument, the State conceded that if the trial

judge’s comment was improper, the case should be remanded for resentencing.

 -9-
 STATE V. JOHNSON

 Opinion of the Court

 While we cannot ascertain from the record the precise impact the improper

consideration had on the sentences handed down by the trial judge, it is evident from

the judge’s statement that the improper consideration was important in sentencing.

Similar to the Court’s holding in Boone, although the trial judge may have sentenced

defendant fairly in this case, because there is a clear inference based on the judge’s

statement during sentencing that a greater sentence was imposed because of her

personal knowledge of a drug related homicide charge in her community not charged

in this case, the case must be remanded for resentencing without consideration of

matters outside the indictments and record. See Boone 293 N.C. at 712-13, 239 S.E.2d

at 465.

 III. Conclusion

 For the above reasons, we vacate the judgment and remand the matter for

resentencing.

 VACATED AND REMANDED FOR RESENTENCING.

 Judge STROUD concurs.

 Judge TYSON respectfully dissents by separate opinion.

 - 10 -
 No. COA18-966– State v. Johnson

 TYSON, Judge, dissenting.

 Defendant argues the trial court erred by improperly considering matters

outside the record when deciding to sentence him. Defendant bases his argument

upon purportedly extraneous statements made by the trial court during the

sentencing hearing. The majority opinion vacates the trial court’s judgments and

remands for resentencing. I respectfully dissent.

 I. Proper Consideration

 1. Standard of Review

 Our standard of review of a trial court’s sentencing is well established. “A

sentence within the statutory limit will be presumed regular and valid.” State v.

Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). “[A] trial court should . . . be

able to take into account the seriousness of the particular offense when exercising its

discretion to decide which minimum term within the presumptive range for that class

of offense and prior record level to impose.” State v. Oakes, 219 N.C. App. 490, 498,

724 S.E.2d 132, 138 (2012). “The imposition of the minimum sentence under the

sentencing guidelines is within the discretion of the trial court.” Id.

 “The extent to which a trial court imposed a sentence based upon an improper

consideration is a question of law subject to de novo review.” State v. Pinkerton, 205

N.C. App. 490, 494, 697 S.E.2d 1, 4 (2010) (citation omitted), rev’d on other grounds,

365 N.C. 6, 708 S.E.2d 72 (2011).
 STATE V. JOHNSON

 TYSON, J., dissenting.

 2. Analysis

 A trial court’s comments, stated during a sentencing hearing, should be

reviewed in the context in which they were made. See State v. Shaw, 207 N.C. App.

369, 370-72, 700 S.E.2d 62, 63-4 (rejecting a defendant’s argument “that the trial

court took into account a non-statutory aggravating factor that was neither stipulated

to nor found” by the jury where the defendant took the trial court’s comments out of

context), disc. review denied, 364 N.C. 621, 705 S.E.2d 357 (2010). “This Court has

held that in determining the sentence to be imposed, the trial judge may consider

such matters as the age, character, education, environment, habits, mentality,

propensities and record of the defendant.” State v. Morris, 60 N.C. App. 750, 754-55,

300 S.E.2d 46, 49 (1983) (citation omitted).

 “If the record discloses that the court considered irrelevant and improper

matter in determining the severity of the sentence, the presumption of regularity is

overcome, and the sentence is in violation of defendant’s rights.” State v. Johnson,

320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987) (emphasis supplied) (citation and

quotation omitted).

 The trial court, during the sentencing hearing, stated:

 Okay. Even more importantly to me, at least one of the
 people that was mentioned during the debriefing interview
 was a person that I happened to know was charged with a
 homicide in providing heroin to a person in Davie County
 who died. I’m concerned that those of you who are dealing
 in heroin in my community are causing the deaths of people

 2
 STATE V. JOHNSON

 TYSON, J., dissenting.

 in my community.

 So it is not just, “Oh, well, you know, I was just maybe
 dealing a little drugs.” It is actually a link in the chain that
 is leading to the deaths of tens of thousands of people in our
 country. It is a big deal to me. A big deal. (emphasis
 supplied).

 Defendant contends he is entitled to a new sentencing hearing because these

comments show the trial court improperly took into account a homicide charge

against a drug dealer, whose nickname defendant had mentioned during his

debriefing interview with detectives.

 Defendant concedes in his reply brief that he “does not challenge the trial

court’s feelings about the seriousness of heroin use in society at large.” When viewed

as a whole and in context, the trial court’s comments show it was taking into account

the seriousness of heroin dealing and its effects on the community and society. See

Oakes, 219 N.C. App. at 498, 724 S.E.2d at 138; Shaw, 207 N.C. App. 369, at 700

S.E.2d at 64.

 The trial court’s comments do not indicate it sentenced defendant more harshly

because defendant mentioned the name of, and happened to know, another drug

dealer who may have been charged with homicide for dealing heroin to someone who

had died in Davie County. Instead, the court’s comment about the drug dealer

charged with homicide was an anecdotal example of the larger, community and

nation-wide problem and consequences of heroin dealing and use.

 3
 STATE V. JOHNSON

 TYSON, J., dissenting.

 The court’s statement beginning with “So,” following the statement containing

the trial court’s comments about the drug dealer charged with homicide, explains the

trial court’s purpose behind the comments in its preceding statement. The trial

court’s use of “so” clearly expresses that it was using it in the sense of “for that reason”

or “therefore.” So, The American Heritage Dictionary of the English Language, Fifth

Edition. https://ahdictionary.com/word/search.html?q=so (last visited on 3 April

2019). The trial court’s comments, viewed as a whole and in context, indicates the

court’s proper consideration of the seriousness of defendant’s offenses relating to

heroin dealing and possession.

 The United States Court of Appeals for the Fourth Circuit has stated:

 We recognize that a sentencing court can consider the
 impact a defendant’s crimes have had on a community and
 can vindicate that community’s interests in justice. To a
 considerable extent a sentencing judge is the embodiment
 of public condemnation and social outrage. As the
 community’s spokesperson, a judge can lecture a defendant
 as a lesson to that defendant and as a deterrent to others.

U.S. v. Bakker, 925 F.2d 728, 740 (4th Cir. 1991).

 When compared to other cases from our appellate courts where defendants

have been granted new sentencing hearings, the trial court’s comments here do not

show it considered improper or irrelevant material in sentencing defendant. See, e.g,

State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990) (granting defendants a

new sentencing hearing where trial court’s comments show it imposed more severe

 4
 STATE V. JOHNSON

 TYSON, J., dissenting.

sentences because defendants exercised their rights to a jury trial); State v. Swinney,

271 N.C. 130, 133-34, 155 S.E.2d 545, 548 (1967) (awarding new sentencing hearing

on a defendant’s conviction of involuntary manslaughter where trial judge stated he

was punishing the defendant more severely for hosting a party where liquor was

served).

 The negative effects and costs imposed on individuals and society from the

dealing of heroin are relevant and proper matters to consider when sentencing

defendant. Defendant was convicted, in part, of possession with intent to sell or

deliver heroin, two counts of selling heroin, and three counts of trafficking heroin.

 We all agree there is no error in defendant’s jury convictions and trial and that

the same sentences could be imposed on remand. The trial court was properly

exercising its role as “the embodiment of public condemnation and social outrage.”

Bakker, 925 F.2d at 740. Viewed in context, the trial court’s comments do not show

it considered an “irrelevant or improper matter in determining the severity of

[defendant’s] sentence.” Johnson, 320 N.C. at 753, 360 S.E.2d at 681. Defendant has

failed to show he is entitled to a new sentencing hearing.

 II. No Prejudice

 Presuming, arguendo, the trial court improperly considered defendant’s

mention of the name of a drug dealer also charged with homicide in a different county,

defendant is unable to show prejudice. Defendant’s counsel conceded at oral

 5
 STATE V. JOHNSON

 TYSON, J., dissenting.

argument that if he is granted a new sentencing hearing, the trial judge could impose

the identical sentence already imposed.

 It is also notable that defendant does not contend that, even if were to be

granted a new sentencing hearing, another trial judge should be assigned. In view of

defendant’s concession and the majority’s opinion, the trial court could still properly

consider the seriousness of dealing heroin on remand, so long as the trial court does

not mention its awareness of a drug dealer’s name mentioned by defendant, who was

purportedly charged with homicide. Defendant has failed and is unable to show any

prejudice from the presumptively valid sentence imposed. See Boone, 293 N.C. at 712,

239 S.E.2d at 465. His argument is without merit and should be overruled.

 III. Conclusion

 The trial court’s comments, made during the sentencing hearing, after the

jury’s verdicts had been received and entered and the jury dismissed, were proper.

They indicate the trial court considered the permissible matter of the seriousness and

potential impacts of defendant’s offenses as a “community spokesperson.” Bakker, 925

F.2d at 740. Alternatively, defendant was sentenced in the presumptive range and

is unable to show any prejudice. Defendant is not entitled to a new sentencing

hearing. There is no error in the jury’s verdicts or in the judgments entered thereon.

I respectfully dissent.

 6