TYSON, Judge, dissenting.
Defendant argues the trial court erred by improperly considering matters outside the record when deciding to sentence him. Defendant bases his argument upon purportedly extraneous statements made by the trial court during the sentencing hearing. The majority opinion vacates the trial court's judgments and remands for resentencing. I respectfully dissent.
I. Proper Consideration
1. Standard of Review
Our standard of review of a trial court's sentencing is well established. "A sentence within the statutory limit will be presumed regular and valid." State v. Boone , 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). "[A] trial court should ... be able to take into account the seriousness of the particular offense when exercising its discretion to decide which minimum term within the presumptive range for that class of offense and prior record level to impose." State v. Oakes , 219 N.C. App. 490, 498, 724 S.E.2d 132, 138 (2012). "The imposition of the minimum sentence under the sentencing guidelines is within the discretion of the trial court." Id.
"The extent to which a trial court imposed a sentence based upon an improper consideration is a question of law subject to de novo review." State v. Pinkerton , 205 N.C. App. 490, 494, 697 S.E.2d 1, 4 (2010) (citation omitted), rev'd on other grounds , 365 N.C. 6, 708 S.E.2d 72 (2011).
2. Analysis
A trial court's comments, stated during a sentencing hearing, should be reviewed in the context in which they were made. See State v. Shaw , 207 N.C. App. 369, 370-72, 700 S.E.2d 62, 63-4 (rejecting a defendant's argument "that the trial court took into account a non-statutory *92 aggravating factor that was neither stipulated to nor found" by the jury where the defendant took the trial court's comments out of context), disc. review denied , 364 N.C. 621, 705 S.E.2d 357 (2010). "This Court has held that in determining the sentence to be imposed, the trial judge may consider such matters as the age, character, education, environment, habits, mentality, propensities and record of the defendant." State v. Morris , 60 N.C. App. 750, 754-55, 300 S.E.2d 46, 49 (1983) (citation omitted).
"If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of defendant's rights."
*144 State v. Johnson , 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987) (emphasis supplied) (citation and quotation omitted).
The trial court, during the sentencing hearing, stated:
Okay. Even more importantly to me, at least one of the people that was mentioned during the debriefing interview was a person that I happened to know was charged with a homicide in providing heroin to a person in Davie County who died . I'm concerned that those of you who are dealing in heroin in my community are causing the deaths of people in my community.
So it is not just, "Oh, well, you know, I was just maybe dealing a little drugs." It is actually a link in the chain that is leading to the deaths of tens of thousands of people in our country. It is a big deal to me. A big deal. (emphasis supplied).
Defendant contends he is entitled to a new sentencing hearing because these comments show the trial court improperly took into account a homicide charge against a drug dealer, whose nickname defendant had mentioned during his debriefing interview with detectives.
Defendant concedes in his reply brief that he "does not challenge the trial court's feelings about the seriousness of heroin use in society at large." When viewed as a whole and in context, the trial court's comments show it was taking into account the seriousness of heroin dealing and its effects on the community and society. See Oakes , 219 N.C. App. at 498, 724 S.E.2d at 138 ; Shaw , 207 N.C. App. at 369, 700 S.E.2d at 64.
The trial court's comments do not indicate it sentenced defendant more harshly because defendant mentioned the name of, and happened to know, another drug dealer who may have been charged with homicide *93 for dealing heroin to someone who had died in Davie County. Instead, the court's comment about the drug dealer charged with homicide was an anecdotal example of the larger, community and nation-wide problem and consequences of heroin dealing and use.
The court's statement beginning with "So," following the statement containing the trial court's comments about the drug dealer charged with homicide, explains the trial court's purpose behind the comments in its preceding statement. The trial court's use of "so" clearly expresses that it was using it in the sense of "for that reason" or "therefore." So, The American Heritage Dictionary of the English Language, Fifth Edition. https://ahdictionary.com/word/search.html?q=so (last visited on 3 April 2019). The trial court's comments, viewed as a whole and in context, indicates the court's proper consideration of the seriousness of defendant's offenses relating to heroin dealing and possession.
The United States Court of Appeals for the Fourth Circuit has stated:
We recognize that a sentencing court can consider the impact a defendant's crimes have had on a community and can vindicate that community's interests in justice. To a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage. As the community's spokesperson, a judge can lecture a defendant as a lesson to that defendant and as a deterrent to others.
U.S. v. Bakker , 925 F.2d 728, 740 (4th Cir. 1991).
When compared to other cases from our appellate courts where defendants have been granted new sentencing hearings, the trial court's comments here do not show it considered improper or irrelevant material in sentencing defendant. See , e.g , State v. Cannon , 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990) (granting defendants a new sentencing hearing where trial court's comments show it imposed more severe sentences because defendants exercised their rights to a jury trial); State v. Swinney , 271 N.C. 130, 133-34, 155 S.E.2d 545, 548 (1967) (awarding new sentencing hearing on a defendant's conviction of involuntary manslaughter where trial judge stated he was punishing the defendant more severely for hosting a party where liquor was served).
The negative effects and costs imposed on individuals and society from the dealing of heroin are relevant and proper matters to consider when sentencing defendant. Defendant was convicted, in part, of possession with intent to sell or deliver heroin, two *145 counts of selling heroin, and three counts of trafficking heroin. *94 We all agree there is no error in defendant's jury convictions and trial and that the same sentences could be imposed on remand. The trial court was properly exercising its role as "the embodiment of public condemnation and social outrage." Bakker , 925 F.2d at 740. Viewed in context, the trial court's comments do not show it considered an "irrelevant or improper matter in determining the severity of [defendant's] sentence." Johnson , 320 N.C. at 753, 360 S.E.2d at 681. Defendant has failed to show he is entitled to a new sentencing hearing.
II. No Prejudice
Presuming, arguendo , the trial court improperly considered defendant's mention of the name of a drug dealer also charged with homicide in a different county, defendant is unable to show prejudice. Defendant's counsel conceded at oral argument that if he is granted a new sentencing hearing, the trial judge could impose the identical sentence already imposed.
It is also notable that defendant does not contend that, even if were to be granted a new sentencing hearing, another trial judge should be assigned. In view of defendant's concession and the majority's opinion, the trial court could still properly consider the seriousness of dealing heroin on remand, so long as the trial court does not mention its awareness of a drug dealer's name mentioned by defendant, who was purportedly charged with homicide. Defendant has failed and is unable to show any prejudice from the presumptively valid sentence imposed. See Boone , 293 N.C. at 712, 239 S.E.2d at 465. His argument is without merit and should be overruled.
III. Conclusion
The trial court's comments, made during the sentencing hearing, after the jury's verdicts had been received and entered and the jury dismissed, were proper. They indicate the trial court considered the permissible matter of the seriousness and potential impacts of defendant's offenses as a "community spokesperson." Bakker , 925 F.2d at 740. Alternatively, defendant was sentenced in the presumptive range and is unable to show any prejudice. Defendant is not entitled to a new sentencing hearing. There is no error in the jury's verdicts or in the judgments entered thereon. I respectfully dissent.